# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1889.

---

### ELIZABETH SPENGLER, ADMR., *v.* CATHERINE WILLIAMS.

1. PRESUMPTION. *Matters of common knowledge. Pleading. Evidence.*
   It is not necessary to aver in pleading or to prove matters of common knowledge and experience, as all men of ordinary intelligence must be presumed to know them.

2. SAME. *Negligence. Infant. Case in judgment.*
   In an action for the death of a child seven years of age, where the defendant left lumber in a street frequented by children, and piled it so carelessly that it fell upon and killed the child, who, with other children, was playing about it, it is unnecessary to aver or prove that the lumber pile was calculated to attract children, and that defendant knew it. The habits and curiosity of children in this respect are matters of common knowledge.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

The facts are stated in the opinion. The plaintiff recovered a verdict and judgment for $1000, and, after motion for a new trial was overruled, defendant appealed.

*Dabney, McCabe & Anderson,* for appellant.

There was a total lack of evidence to show that the lumber pile was an object of attraction to children, and that Spengler knew it. It was necessary to prove these things. It was necessary to aver them in the declaration, and being averred there must be proof to

sustain them. There cannot be any presumption that children would play about the pile, and that Spengler knew this.

The proof shows that the street was an unfrequented one, terminating in a deep hollow, and being so little used there was no negligence in leaving lumber piled in it. Surely the court cannot say that a bare pile of lumber in such a place possesses such qualities, and to that extent that it was unnecessary to have some proof that it was attractive to children, and that Spengler was aware of this. Plaintiff failed to make out the case, and the verdict should have been set aside.

*R. V. Booth,* for appellee.

How could it be proved that the lumber pile was attractive to children, and that Spengler knew it? That it *was* attractive to them is shown by the fact that four little boys *were* playing around it when the child was killed, and one of defendant's witnesses had previously seen eight or ten boys playing on it. That Spengler knew this is to be deduced from the common knowledge and experience of mankind. We know from observation and experience the habits, customs, instincts, and tastes of children, and we understand that anything out of the usual order of things is calculated to entice and fascinate them.

COOPER, J., delivered the opinion of the court.

This is an action by appellee to recover against the estate of S. Spengler damages for the death of her son caused by the negligence of said Spengler. The declaration avers that Spengler negligently and carelessly piled a large lot of lumber in the public street in an unsafe and dangerous manner; that her son, a child of seven years, and other children in the vicinity were accustomed to play in and about said streets, and on the —— day of October, while they were so playing around said lumber, by reason of the careless and negligent manner in which it had been piled, it fell upon and killed her said son. There is an averment in the declaration that "the said Spengler well knew that the piling of timber in heaps in said street was well calculated to attract and entice children of tender age to play above and around it, yet notwith-

standing this he kept said timber piled in its irregular and dangerous condition for a long period of time, and until the death of her son, etc."

The point is now made by appellant, and was raised in the court below, that it devolved on the plaintiff to establish by testimony the facts thus averred, and since there was no evidence specially tending to prove either that Spengler knew that so piling lumber in the street would attract children, or that it was in fact calculated to entice them to play around it, the verdict should be set aside.

There is no merit in the objection. The allegation touching the character of the piled lumber as likely to induce children to play around and about it, and of Spengler's knowledge of such fact does not belong to that class of things required to be alleged in pleading, or if alleged, specifically proved. The jurors from their common experience knew as much touching such matters as any witness who could be produced could know, and it is by such common knowledge resting with the court and jury that such averments are determinable. In *Gilbert* v. *Railway Company*, 51 Mich. 488, a car had been left by the defendant near the highway, at which plaintiff's horse became frightened, started, and threw plaintiff from his buggy by which injury resulted. The declaration averred that plaintiff's horse was one of ordinary gentleness, and that the car was a thing "well calculated to and naturally would frighten horses of that character." Plaintiff's right of action rested therefore upon the fact of the character of the car as calculated to frighten horses of ordinary gentleness. The defendant contended that the court should declare that such was not its character, but the court declined so to do and submitted the question to the jury, which found for plaintiff. In reversing the judgment the supreme court said: "We are unable to concur in this ruling. There are a vast variety of things which must be regarded as matters of common knowledge; things which every adult person of ordinary experience or intelligence must be presumed to know; things which do not require to be pleaded or to be made the subject of specific proof; and it is not within the

province of the court to leave it to a jury to find contrary to this knowledge. The question before us is subject to this principle. It is according to daily experience to see cars going or standing on the common highways, while teams are variously employed near by, and pass and repass without taking fright. We have street cars and steam engines and steam threshing-machines, but horses readily become familiar with them, and serious frights are exceedingly rare and entirely exceptional. As objects calculated to alarm horses, the rule is in favor of their harmlessness."

To the same effect are *Cleveland* v. *Wynant*, 114 Ind. 525, and *Wabash R. R. Co.* v. *Farver*, 111 Ib. 195.

All persons are supposed to know the curiosity of children, and their disposition to play around and about objects of unusual appearance: no court would permit a verdict to stand which rested upon the denial of such instincts in children, or excused the negligence of the defendant because of the want of specific evidence that he possessed that common knowledge which all men are assumed to have.

We find no error in the record and the judgment is,

*Affirmed.*