# Richmond.

RICHMOND TRACTION COMPANY v. MARTIN'S ADMINISTRATOR.

DECEMBER 9, 1903.

Absent, Buchanan, J.*

1. INSTRUCTIONS—*Different Theories of Case—Evidence to Support.*—Where two theories of a case are presented by the evidence upon one of which the jury has been sufficiently instructed, it is error to refuse an instruction based upon the other theory of the case, which if sustained would require a different verdict, or to add to such an instruction a qualification which would withdraw from the jury the consideration of the last mentioned theory.

2. NEGLIGENCE—*Concurrent Negligence of Plaintiff and Defendant—General Rule.*—Although a defendant may have been guilty of negligence, yet if the plaintiff also has been guilty of negligence which has contributed as an efficient cause to the injury of which he complains, as a general rule, there can be no recovery, as courts will not undertake to balance the negligence of the respective parties in order to ascertain which one was most at fault. Here the concurrent negligence of both parties is the proximate and efficient cause of the injury.

3. NEGLIGENCE—*Proximate Cause—Contributory Negligence—Exception to General Rule.*—The law regards the immediate or proximate cause which produces an injury and not the remote cause which may have antecedently contributed to it. Hence, if a defendant knows, or, in the exercise of ordinary care, ought to have known of plaintiff's negligence, and could have avoided the injury complained of but failed to do so, the plaintiff can recover. Here the defendant's negligence is the proximate cause of the injury.

Error to a judgment of the Law and Equity Court of the city of Richmond, in an action of trespass on the case, wherein the

*Judge Buchanan was detained at home by sickness.

defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*William L. Royall,* for the plaintiff in error.

*Edgar Allan, Jr., L. O. Wendenburg* and *J. A. Dempf,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

About 10 o'clock on the night of December 24, 1900, Walter Martin, whose administratrix is the defendant in error here, while in an intoxicated condition, started from the southwest corner of Seventh and Broad streets, in the city of Richmond, diagonally across Broad street, in a northwesterly direction, for the purpose of taking a mule car to go to his home, on Barton Heights. In crossing the street he had to pass over the double track of the plaintiff in error, the Richmond Traction Company. He crossed the first track in safety, but at the second track, not at a crossing, but between Sixth and Seventh streets, he was struck by, or in some manner drawn under, the front fender of a west-bound car. When discovered he was lying across the southern rail, in front of the wheel guard, and was taken out in an unconscious condition, and carried to the city almshouse, where he died the next morning.

On the night of the accident, Broad street was thronged with people, and the car was moving at an unusually slow rate of speed—so slow, indeed, that it could be stopped within a few inches—and it was stopped before the front wheels reached Martin's person. After stopping on the east side of Seventh street, the car passed over to the west side, where it was again stopped for the purpose of discharging and taking on passengers, and had proceeded only a few feet from the latter point when the accident occurred.

As to just how it happened, the evidence is conflicting. According to the testimony of some of the plaintiff's witnesses, the car had started up Broad street, and just as Martin stepped across the southern rail the fender struck him, and he fell, and it passed over him. Another witness for the plaintiff testified that the car was stationary at the time Martin attempted to cross the track a few feet in front of it, when it started off very slowly, and the collision occurred. Upon cross-examination, however, the witness stated that from where he was standing he could not discern whether Martin was between the rails, or on the outside of the southern rail, when the car started. On the other hand, the testimony of the defendant's witnesses is that Martin was attempting to board the moving car from the left side at the forward end when the accident happened. On the left side of the car, front and rear, there are closed iron gates to prevent persons from entering the vestibules on that side; the proper point of ingress and egress for passengers being the rear entrance to the vestibule, on the right side of the car. There was also evidence tending to show that the motorman at the time of the collision was looking in the direction of the southeast corner of Broad and Seventh streets, where a crowd of people had congregated, some of whom were ringing cowbells and exploding firecrackers. He testified that he was looking ahead on the track, but did not see Martin until after the collision.

The defendant in error recovered a verdict and judgment against the plaintiff in error in the Law and Equity Court of the city of Richmond.

The assignment of error chiefly relied on to reverse that judgment is the refusal of the trial court to give defendant's instruction "A" in the form in which it was offered, and the modification of the instruction by the court. Instruction "A" is as follows:

"If the jury believe from the evidence that the plaintiff's decedent, on the evening when he met the accident that resulted in

his death, was intoxicated from drink, and that, being so intoxi-
cated, he attempted to cross defendant's railway track in front
of a moving car that was approaching him, so close to said car
that he could not move beyond the point on the track that he
first reached before the car struck him, then they are instructed
that the plaintiff cannot recover in this action."

The *addendum* by the court is: "Unless they believe further
from the evidence that the defendant, by the exercise of ordi-
nary care, could have avoided inflicting on him the injury which
resulted in his death, after the motorman saw, or by the exercise
of ordinary care could have seen, the danger in which the plain-
tiff's decedent had placed himself, in time to have avoided the
accident."

It may be remarked that the principle intended to be incul-
cated by the *addendum* to the instruction was already covered
by plaintiff's second instruction.

Two theories were propounded by the evidence: (1) That at
the time Martin attempted to cross the northern track of the
defendant's railway the car in question was at a standstill, and
was subsequently set in motion, and the collision occurred; and
(2) that, while the car was already in motion, Martin stepped
on the track immediately in front of it, and was struck by the
fender.

It is not clear that the evidence relied on to sustain the first
theory was sufficient to have warranted the court in basing an in-
struction upon it, because, as has been observed, the witness was
unable to state positively whether the car was stationary or in
motion when Martin stepped upon the track in front of it. As-
suming, however, the sufficiency of the evidence on that point,
the law of the case in that aspect had already been submitted
to the jury. The distinct purpose of the defendant's instruction
which the court modified was to present to the jury the other
theory of the case. The instruction correctly expounded the
law, and the evidence both of the plaintiff and defendant tended

to sustain it.   The effect of the ruling of the court with respect
to the instruction was to withdraw from the consideration of the
jury the second theory, however disposed they might have been
to adopt it, and to direct their attention solely to the plaintiff's
view of the evidence.   This was plainly erroneous, and operated
disastrously to the defendant.

The well-known rule in this class of cases is that a plaintiff
seeking to recover damages for an injury caused by the negli-
gence of the defendant must himself be free from negligence,
and, if it appears that his negligence has contributed as an effi-
cient cause to the injury of which he complains, the court will
not undertake to balance the negligence of the respective parties
for the purpose of determining which was most at fault.   The
law recognizes no gradations of fault in such case, and where
both parties have been guilty of negligence, as a general rule,
there can be no recovery.   There is really no distinction between
negligence in the plaintiff and negligence in the defendant, ex-
cept that the negligence of the former is called "contributory
negligence."

The general rule adverted to is subject, however, to the quali-
fication that where the negligence of the defendant is the proxi-
mate cause of the injury, and that of the plaintiff only the re-
mote cause, the plaintiff may recover, notwithstanding his negli-
gence; the doctrine in that respect being that the law regards
the immediate or proximate cause which directly produces the
injury, and not the remote cause which may have antecedently
contributed to it.   From that principle arises the well-estab-
lished exception to the general rule, that if, after the defendant
knew, or, in the exercise of ordinary care, ought to have known,
of the negligence of the plaintiff, it could have avoided the acci-
dent, but failed to do so, the plaintiff can recover.   In such case,
the subsequent negligence of the defendant in failing to exercise
ordinary care to avoid injuring the plaintiff becomes the imme-
diate or proximate and efficient cause of the accident, which in-

tervenes between the accident and the more remote negligence of the plaintiff.

It was this principle that was invoked by the plaintiff upon the first theory of the case, and applied by the court in plaintiff's instruction and in the modified instruction of the defendant. But the second theory presented a case where the proximate and efficient cause of the accident involved the concurrent negligence of both plaintiff and defendant, unbroken by any efficient supervening cause, and to such case the exception referred to obviously has no application. Upon that theory, the act of Martin and the conduct of the motorman were so substantially concurrent that it was impossible to separate the conduct of the former from the injury itself. *Rider* v. *Syracuse Rapid Transit Ry. Co.* (N. Y.), 63 N. E. 836, 58 L. R. A. 125. The doctrine under discussion is fundamental and elementary, and has been expounded time and again by this and other courts, from *Davis* v. *Mann,* 10 Mees & W. 545, decided in the year 1842, down to the present time.

As observed, the error of the trial court consisted in instructing the jury on one theory of the case, and ignoring the other theory, which, if sustained, would have entitled the defendant to a verdict. For these reasons, the judgment complained of must be reversed, and the case remanded for a new trial to be had not in conflict with this opinion.

*Reversed.*