## LING v. GREAT NORTHERN RY. CO.

(Circuit Court, D. Montana. December 19, 1908.)

### No. 687.

**1. NEGLIGENCE (§ 39*)—INJURY TO CHILDREN—DEPOTS.**

. A depot is not a place which allures children of tender years, or which a railroad company holds out to them as an implied invitation or special attraction to visit.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 55; Dec. Dig. § 39.*]

**2. RAILROADS (§ 274*)—DEPOTS—PROTECTION AGAINST CHILDREN.**

A railroad company was under no obligation to exercise active vigilance to guard its depot, to protect little children going alone on the depot platform, without invitation or purpose other than childish curiosity and amusement, and without the knowledge of the railroad company's servants.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–874; Dec. Dig. § 274.*]

**3. RAILROADS (§ 274*)—INJURY TO LICENSEES—CHILDREN ON DEPOT PLATFORM.**

Plaintiff, between 2½ and 3 years old, without the knowledge of his parents, wandered onto defendant's depot platform for curiosity and amusement. While a passenger train was standing at the station plaintiff leaned against the rear sleeper, and when the train started was thrown and injured. The presence of the child was not known to any of defendant's servants, though it could have been discovered, had they looked in the child's direction before starting the train. *Held,* that the servants were not bound to look for plaintiff's peril, and, not having seen him, defendant was not liable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–874; Dec. Dig. § 274.*]

## At Law.

This cause was submitted upon the following agreed statement of facts:

"The parties to the above-entitled action hereby admit as facts, for all the purposes of the trial and determination of the issues in said action, by the above-entitled court, and to be considered as if fully established by competent proof, legally admissible and duly admitted, the following circumstances, facts, and conditions:

"First. That at all the times mentioned in the complaint, ever since, and now the defendant Great Northern Railway Company has been and is a railroad corporation organized under the laws of the state of Minnesota, and engaged as a common carrier of freight and passengers from St. Paul, in the state of Minnesota, to Seattle, in the state of Washington, and to and from intermediate points.

"Second. That Marcus Ling, the plaintiff herein, is an infant, and at the time of the injury herein complained about was between 2½ and 3 years of age, and at the time of said injury was living with his parents, C. W. Ling and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Emma Ling, at their home in the town of Havre, Choteau county, Mont., a distance of about three blocks from the depot of the defendant company in said town.

"Third. That C. W. Ling is the duly appointed guardian ad litem of said infant for the purposes of this action.

"Fourth. That during all the times in the pleadings mentioned the defendant had and maintained at said town of Havre a depot for the accommodation of passengers entering its cars or departing therefrom, for the loading and unloading of freight, and for other purposes, and upon either side of said depot there are, and at all of said times were, railway tracks used in operating defendant's trains. That on account of the location of said tracks on either side of said depot, and because of the great number of passengers and others usually at said depot upon the arrival and departure of passenger trains, in order to afford protection to such people, the defendant at all said times did, and now does, keep in its employ a watchman for the purpose of watching and guarding the safety and comfort of passengers and others rightfully at said depot.

"Fifth. That at the time the plaintiff sustained the injury hereinafter mentioned the said watchman so in the employ of defendant was unnecessarily absent and away from said depot, where his said employment required him to be, and the defendant had no one at said depot at the time of said injury to perform the services for which said watchman was employed, except in so far as such services devolved upon the conductor and other employés in charge of the passenger train that caused said injury to the plaintiff.

"Sixth. That if said watchman had been at the depot, in discharge of the duties for which he was employed, there were no conditions or circumstances to interfere with his seeing the infant, and knowing that said infant was alone and unattended by any one, and that there was danger of said infant being struck by said passenger train, and injured upon the starting of such train.

"Seventh. That on May 10, 1903, at 11 o'clock a. m., said infant was at said depot, alone and unattended by any one, and was playing on the depot platform for at least 10 minutes prior to the injury sustained by him, and when said passenger train started on its journey the said infant was standing upon the platform of said depot and leaning against the rear sleeping car of such passenger train, and while in such position said train, upon orders from the conductor thereof, suddenly started, causing said infant to be disturbed in his footing, and causing him to fall beneath such train; his right hand thereby being caught under one of the wheels of said train, and so crushed that it had to be amputated. Said train was a regular passenger train that stops at said depot for a short time as per time schedule, and was in charge of a conductor, engineer, fireman, and two brakemen. That the conductor in charge of said train was upon said depot platform within a short distance from the place where said injury occurred, and gave orders to the engineer to move forward with said train while said infant was so leaning against said rear sleeping car, and at such time there existed no circumstances or conditions to interfere with or prevent the said conductor and other employés of defendant from seeing the said infant and knowing that he was alone and unattended by any one, and that there was danger of said infant being struck by said train upon its starting, and injured in the manner that he was injured. That no agent or employé of defendant made any effort to prevent said infant, so unattended, from playing about said depot at said time, or made any effort to cause said infant to be removed or taken away from the place where he was so injured. If the said conductor had looked in the direction of the rear sleeping car before giving said orders to the engineer for the train to move, there was no obstruction of his view of the place where said infant was, and said infant would not have received the injury complained of, if said conductor or any agent or employé of defendant had been observant enough to see the situation in which said infant was placed at the time of the starting of said train, and had taken the precaution to cause said infant to be removed from said position before said train was put in motion; but there is no proof or evidence known to plaintiff, his guardian, or his counsel that any of said trainmen actually saw said infant,

or knew of his being in danger, nor that any other employé of defendant saw the said infant, or knew of his being in danger.

"Eighth. That said infant had never been in the habit of going to said depot. The said infant at said time was not away from its home more than 20 or 30 minutes, and during that time its father, C. W. Ling, was at his office in said town of Havre, and its mother, Emma Ling, was at their said home.

"Ninth. The foregoing agreed statement of facts shall have the effect of a special verdict or finding of facts, and judgment shall be pronounced thereon as upon a special verdict or finding of facts. It is agreed that, if the plaintiff is entitled to recover in this action, the damages sustained by him amount to twenty-five hundred ($2,500) dollars, and, if the foregoing facts, circumstances, and conditions are sufficient under the law to sustain a verdict and judgment in favor of the plaintiff, then judgment shall be entered in favor of the plaintiff and against the defendant for the sum of twenty-five hundred ($2,500) dollars, and costs of suit."

George H. Stanton and J. A. McDonough, for plaintiff.
I. Parker Veazey, for defendant.

HUNT, District Judge (after stating the facts as above). Upon the agreed facts, it must be held that a depot is not a place which allures children of tender years, or that it holds out to them an implied invitation or special attraction to visit it.

It must be held, also, that the child, having strayed from his home, was upon the defendant's depot platform without invitation, and, of course, without purpose other than childish curiosity and amusement, and that he was there without the knowledge of defendant's servants. There was, therefore, in this case no special obligation resting upon defendant to guard the depot with active vigilance in order to protect the child going alone upon the platform. The doctrine of Railroad Company v. Stout, 17 Wall. 657, 21 L. Ed. 745, and U. P. R. Co. v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434, the turntable cases, is inapplicable.

The case, then, resolves itself into this: The child, not being a passenger or one having business with the railroad company, and not having been seen by any of the railroad company's employés or servants, leaned against the rear sleeping car just before the train moved. The train started. The child was thrown and injured. Clearly, if the defendant's servants had seen the child in the obviously imminent peril that he was in when leaning against the car, correct principles of law and instinctive rules of proper human caution would have made it their duty to have exercised every diligence to protect him against injury, irrespective of the fact that he was on the platform without right; and if they had failed in such duty, and the injury followed as a result of such negligence, the defendant would have been liable. Coasting Company v. Tolsom, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Gilbert v. Erie R. Company, 97 Fed. 747, 38 C. C. A. 408.

But, as neither the conductor nor the other servants saw the child, the doctrine of discovered peril is inapplicable, unless that doctrine can be extended far enough to say that, notwithstanding the child was on the platform without technical right—let us call him a licensee—still, if the conduct of the defendant's servants in not having seen him was a failure to have exercised ordinary care, the defendant is liable. Or

put the point interrogatively this way: Did the defendant's conductor fail to see the child as something he was bound to look for, and ought he to have seen him just before he gave the orders to the engineer to start, and ought the defendant to be held as if its servants had seen the child, and failed to hold the starting signal to the engineer, or otherwise to try to avoid the injury?

My opinion is that the question must be answered in the negative. It is not difficult to suppose a situation where circumstances of probable immediate danger are such as to put a prudent man on his guard, requiring him to use ordinary care to avoid injury, and where omission to use such care after having notice of such danger will not prevent a recovery by a plaintiff, notwithstanding plaintiff's own negligence has exposed him to the risk of injury. Richmond Traction Co. v. Martin's Adm'x, 102 Va. 209, 45 S. E. 886. Denver & R. G. R. Co. v. Buffehr, 30 Colo. 27, 69 Pac. 582.

But this rule cannot be applied to the facts before the court, because defendant's servants did not see the child or know of the child's presence before the accident, or at the precise time thereof, and because, under the circumstances, the law imposed no duty upon them either to look back to the rear car to see if there was a child there in a position of danger, or to anticipate such a peril as the plaintiff voluntarily, and at law wrongfully, put himself in.

Were the case one where the child had been playing on the track in front of the locomotive, and the engineer had omitted to look ahead before he started his train, negligence might be inferred; but there is no room for a contention that there was gross or wanton negligence. Or if we had an instance of a passenger injured by falling from the steps of the car because the conductor failed to see his passenger trying to mount the steps, and gave an order to start the train before the passenger had had a reasonable time to board the train, different rules would require consideration.

The circumstances surrounding the case impel the view that there was no difference between the duty of defendant to plaintiff and that which it owed to an adult; and unless there was a legal duty, and a breach thereof, there can be no liability. The conclusion follows that, inasmuch as there was no duty of protection against the particular injury suffered, omission to have furnished such protection was not negligence.

Judgment for defendant.