# Richmond.

## NORFOLK AND WESTERN RAILWAY CO. v. STONE.

### January 12, 1911.

### Absent, Cardwell, J.

1. VERDICTS—*Instructions—No Evidence to Support.*—A verdict founded upon an instruction which there is no evidence to support is properly set aside.

2. COMPENSATORY DAMAGES—*Mortification and Humiliation—Misleading Instructions—Railroads—White Passenger in Colored Coach.* In an action against a railroad company by a white woman to recover compensatory damages for being forced to ride in a colored car, an instruction on the measure of damages, which tells the jury that in assessing her damages they are not limited to compensation for the actual damages sustained by her, but may, in addition, take into consideration the discomforts, mortification and humiliation suffered by her, if proved with reasonable certainty, is obscure, and calculated to confuse and mislead the jury. The jury should be plainly told that the measure of recovery is compensatory damages, and that discomfort, mortification and humiliation, if proved with reasonable certainty, constitute elements of such damages.

3. INSTRUCTIONS—*Conflicting Theories of Case.*—When two conflicting theories of a case are presented by the evidence, and the plaintiff's has been presented by instructions given at his instance, the defendant has the right to have an instruction given which presents his theory of the case to the jury.

Error to a judgment of the Circuit Court of Nansemond county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bernard & Townsend, E. E. Holland* and *Theodore W. Reath,* for the plaintiff in error.

*S. E. Everett* and *R. W. Withers*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

The defendant in error (the plaintiff below), a white woman, took passage on an east-bound morning train of the plaintiff in error (the defendant below) at Myrtle for Suffolk, and by the direction of the conductor entered the coach set apart for colored passengers. The sole occupants of that coach were the plaintiff, a negro man (who occupied a seat at the opposite end of the car from the plaintiff), and a negro woman, Georgia Baker. The plaintiff and Georgia Baker had been acquainted for fifteen or twenty years, and the latter remarked to her in the presence and hearing of the conductor, who had entered the car to take up tickets: "Law, Miss Rosa, you are wrong;" to which the plaintiff replied, "I know I'm wrong; I'm not in my right place. I was raised with white people and I am white, and I'm going out of here." Whereupon, the conductor observed: "Keep your seat. You've got to stay somewhere, and there's plenty of room." Suffolk is eight miles from Myrtle, and the first stop after leaving that station, the time between the two stations being from ten to fifteen minutes. The conductor had no recollection whatever of the incident, but frankly admitted that if he had known the facts he would not have subjected the plaintiff to the hazard of going from one car to another on a rapidly moving train, unless she had specially requested it; that if he had done so and injury had ensued, the company would have had to respond in damages.

It is not pretended that such request was expressly made by the plaintiff in the present instance. Independently therefore of any blame that may have attached to the defendant by reason of the original mistake in directing a white woman to go into the colored car, it can hardly be doubted, in the circumstances indicated, that the course out-

lined by the conductor would have been the most prudent one.

There were two trials of the case, practically upon the same evidence. At the first trial, the jury returned a verdict for the plaintiff for $500. This verdict, on motion of the defendant, was set aside. Several grounds were assigned for this motion, but the reasons which actuated the court in granting it do not appear. Without considering other assignments, the fact that the jury were instructed that if they believed from the evidence the act of the conductor was "wanton or oppressive and in utter disregard of the plaintiff's rights" they could award punitive damages, afforded a quite sufficient reason in itself for setting aside the verdict.

Without considering the question of liability of the defendant to answer in punitive damages for such alleged misconduct of the conductor as is contemplated in the instruction, in the absence of previous authority or subsequent ratification by the defendant, the instruction ought not to have been given, because there was no evidence whatever to support it.

At the second trial there was a verdict for the plaintiff for $400, which the court refused to disturb.

The grounds of the motion to set aside the last verdict were the giving of a certain instruction on behalf of the plaintiff, and amending two instructions asked by the defendant, and because the verdict was contrary to the law and the evidence and the damages so excessive as to manifest passion and prejudice on the part of the jury.

The instruction for the plaintiff told the jury that if they believed from the evidence that she was directed by the conductor to the colored car, and when he came in to take up her ticket it was made known to him that she was a white person, and she insisted on going into the white car, and the conductor forced her to ride in the colored car, they must find for the plaintiff. And in assessing her damages they were not limited to compensation for the actual damages

sustained by her, but might in addition take into considera-
tion the discomforts, mortification and humiliation suffered .
by her, if they believed from the evidence that such had been
proved with reasonable certainty.

Upon the plaintiff's theory of the case on the second trial,.
the damages to which she was entitled were compensatory
damages merely, which, if the jury believed the evidence
justified it, would include the constitutents of discomfort,.
mortification and humiliation. If that is the correct inter-
pretation of the instruction, it correctly states the law. It.
seems to us, however, that the phraseology employed ren-
ders the meaning of the instruction obscure, and was calcu-
lated to confuse and mislead the jury. They should have
been plainly told, that if they believed from the evidence
that the facts recited in the instruction were proved, the·
plaintiff was entitled to recover compensatory damages, and
that discomfort, mortification and humiliation, if proved with
reasonable certainty to have been suffered by the plaintiff,
constituted elements of such damages.

The court's amendment of the following instructions offered
by the defendant is also assigned as error:

"2. If the jury believe from the evidence that the plain-
tiff voluntarily entered the car set apart for colored pas-
sengers, that the conductor found her in this car and be--
lieved that she was a colored person, and, acting in good
faith under such belief, when he saw her rise from her seat
as if to leave it or the car, told her to take her seat, they
must find for the defendant, although they may further be--
lieve from the evidence that the plaintiff was and is in fact
a white person."

"3. What race a person belongs to cannot always be deter-
mined infallibly from appearances. When a mistake is in-
nocently made, the railroad company is not liable in damages,
simply because a white person was taken for a negro or a
negro for a white person, where the aggrieved party does not.

disclose her race. It is not a legal injury for a white person to be taken for a negro under such circumstances. It is not contemplated by the statute of Virginia applicable to such cases that the carrier should be an insurer as to the race of its passengers. The court accordingly instructs the jury that if they believe from the evidence that the conductor made in this case an honest mistake as to the race of the plaintiff they must find for the defendant."

The amendment to each of these instructions reads: "Unless they further believe from the evidence the plaintiff then and there made known to the said conductor that she was a white woman."

Two theories of the case are submitted for consideration by the evidence, namely: On behalf of the plaintiff, that the conductor, although it was made known to him that the plaintiff was a white woman, required her to ride in the car set apart for colored persons; and, on behalf of the defendant, that the conductor acted in good faith under the honest belief that the plaintiff was a negro. The purpose of the defendant's instructions (which were practically rendered meaningless by the amendment), was to submit its theory of the case to the jury. In this, it was plainly within its rights, and the court should have given the instructions as prayed for without amendment. *Jackson's Case.* 96 Va. 107, 30 S. E. 452; *Richmond Traction Co.* v. *Martin's Admr.,* 102 Va. 209. 45 S. E. 886.

As the judgment must be reversed for the foregoing errors, and the case remanded for a new trial, the remaining assignment of error need not be noticed.

*Reversed.*