SALTER *v.* DEWEESE-GAMMILL LUMBER CO.*

(Division A.   Dec. 22, 1924.)

[102 So. 268.   No. 24208.]

NEGLIGENCE.   *Attractive nuisance doctrine held inapplicable to trespassing child appreciating danger.*

The attractive nuisance doctrine, as applied to injuries received by trespassing children, has no application to the case of a trespassing child injured while playing around a planing mill by coming in contact with a rapidly revolving unguarded shafting, where the danger of such contact was manifest, and the child was fully capable of and did appreciate the danger.

*Headnote. Negligence, 29 Cyc., p. 449.

APPEAL from circuit court of Neshoba county.

HON. G. E. WILSON, Judge.

Action by Roger Salter, by next friend, Albert Salter, against the Deweese-Gammill Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*Marion W. Reily* and *Byrd & Byrd,* for appellant.

It is our position that the defendant in this case rendered itself liable by leaving unguarded and dangerous machinery at a point which children were likely to be attracted thereto in such a way as to cause them to suffer injuries by reason of the unguarded and dangerous machinery, and the injury sustained in this case is the proximate result of such condition. This rule of law is announced in 29 Cyc. 464. While there has been some differences in the exact application of this rule, and the pronouncement thereof by the courts, it is believed that the facts in each case have influenced some inaccurate statements of the law, but that in all cases the courts have been disposed to give recognition to the fact that there are certain propensities common to all

children, rendering them curious and investigating of all things strange and unusual and unable to understand the dangers incident to certain classes of machinery and other agencies more readily understood by older people, and in those particulars wherein the probable result of the common conduct of children incident to these peculiarities of childhood, is likely to result in their injury, the law charges the owner of such machinery or other dangerous agency, with the duty of guarding the same so as not to cause this kind of injury. *Nashville Lumber Co.* v. *A. L. Busby*, 38 L. R. A. (N. S.) 754; *Brinkley Car Works* v. *Cooper*, 46 Am. St. Rep. 216; *St. L. & S. F. R. R. Co.* v. *Williams*, 33 L. R. A. (N. S.) 94; *U. P. Ry. Co.* v. *McDonald*, 38 U. S. (L. Ed.) 434; *Continental Refining Co.* v. *Henderson*, 123 Am. St. Rep. 668; *Clover Creamery Co.* v. *Diehl*, 93 So. 196; *Mattson* v. *M. & N. W. Ry. Co.*, 111 Am. St. Rep. 483; *Dampf* v. *Railroad Co.*, 95 Miss. 85; *Spengler* v. *Williams*, 67 Miss. 1; *Temple* v. *Electric Light Co.*, 89 Miss. 1; *Hamlin* v. *Gayno*, 76 So. 633.

The question here is, did plaintiff make out such a case as should have been submitted to the jury for their determination. The appellant's contention, and we submit that it is borne out by the record, is that a jury case was made. The record shows that the unguarded machinery was dangerous and that its dangerous condition was known to the defendants. That the defendants knew of the habit of children to play in and about and with this machinery, and the defendants knew, as they are charged by law with knowing, the natural instincts of children and that naturally children would be drawn to and attracted by this machinery. That they permitted children to be around and about said machinery without any warnings or protest on their part. It is the settled law of this state, that where a person maintains a thing which is attractive to children, and a child is attracted thereto and is injured such person must respond in

damages. To support this doctrine, see *Spengler* v. *Williams,* 6 So. 613; *Mackey* v. *Vicksburg,* 2 So. 178; *Temple* v. *McComb,* 42 So. 874; *Thompson* v. *I. C. R. R. Co.,* 63 So. 185; *U. P. R. R. Co.* v. *McDonald, supra; Sioux City & P. R. R. Co.* v. *Stout,* 21 U. S. (L. Ed.) 745: *Biggs, Admr.* v. *Barb-Wire Co.,* 44 L. R. A. 655.

The question of negligence in this case, if any, should have been submitted to the jury, as well as the question as to whether this machinery, etc., was an attractive nuisance and as to whether the child was attracted thereby, as well as the question as to whether plaintiff was a trespasser. No question of law presented itself.

*Watkins, Watkins & Eager* and *Paul Dees,* for appellee.

I. Breach of Duty. This is an action for tortious negligence, which necessarily involves the proposition that the appellant must establish on the part of the appellees a breach of some legal duty owed by the appellees to the appellant. In other words, the appellees could not be guilty of negligence towards the appellant unless (1) they owed him some legal duty; (2) were guilty of a breach thereof. Subject, Torts, 26 R. C. L. 758; 29 Cyc. 419; *Clarke* v. *I. C. R. R. Co.,* 286 Fed. 915; *Platt* v. *Southern Photo Material Co.,* 60 S. E. (Ga.) 1068; *Cleveland Ry. Co.* v. *Morrey,* 88 N. E. (Ind.) 923.

II. No Presumption of Negligence. It is not sufficient for the plaintiff to prove the happening of the injury complained of. Upon the other hand, the burden of proof rests upon the plaintiff to establish injury and damage as the direct and proximate result of appellee's negligence. 29 Cyc. 597; *Samuel* v. *Wiedman,* 295 Fed. 314; *Harper* v. *Ray,* 27 Miss. 622; *I. C. R. R. Co.* v. *Cathey,* 70 Miss. 332.

III. No Duty to Protect Trespassers. 29 Cyc. 442; 20 R. C. L. 57, 64; *I. C. R. R. Co.* v. *Arnola,* 78 Miss. 787; *Dyche* v. *R. R. Co.,* 79 Miss. 361; *Y. & M. V. R. R. Co.* v. *Metger,* 84 Miss. 242; *Allen* v. *Y. & M. V. R. R. Co.,* 111 Miss. 267; *M. & O. R. R. Co.* v. *Stroud,* 64 Miss. 784; *Richmond R. R. Co.* v. *Burnsed,* 70 Miss. 437; *Ingram-Day Lbr. Co.* v. *Frank Harvey,* 98 Miss. 11; *Albion Lbr. Co.* v. *De Nobra,* 72 Fed. 739.

IV. The Rule as to Non-liability to Trespassers Applies Equally to Children. 29 Cyc. 445; 20 R. C. L. 60; *L. & N. R. R. Co.* v. *Williams,* 69 Miss. 631; *Y. & M. V. R. R. Co.* v. *Hough,* 111 Miss. 486; *United Zinc & Chemical Co.* v. *Van Britt,* 258 U. S. 268, 66 L. Ed. 615; *N. Y., N. H., & H. R. R. Co.* v. *Frutcher,* 260 U. S. 141, 67 L. Ed. 173; *Hermes* v. *Hatfield Coal Co.* (Ky.), 23 L. R. A. (N. S.) 724; *Bottum* v. *Hawkes* (Vt.), 35 L. R. A. (N. S.) 440; *Hart* v. *Mason City Brick & Tile Co.,* 38 L. R. A. (N. S.) 1173; *Savannah F. & W. Ry. Co.* v. *Beavers* (Ga.), 54 L. R. A. 314; *State ex rel. Kansas City* v. *Ellison* (Mo.), 220 S. W. 498; *Colby, Admr.* v. *Chicago, etc. Ry. Co.,* 216 Ill. 315.

V. Doctrine of Attractive Nuisance. We have shown the court in the statement of facts that the appellant was a trespasser on the private property of the appellees; that the place where he received his injury was at a rather remote part of the premiss, on a private side track, bounded on one side by the planing mill, and on the other by a rough lumber shed; that there was no highway or path along there. We have shown the court not only that the appellant was a trespasser, but that the doctrine of non-liability as a trespasser was just as applicable to children as to adults. It must be borne in mine, in order that the proper limit of the doctrine of the Turntable Cases shall be preserved, that the turntable was attractive to children; there was an implied

invitation to use it; it was seductive and alluring, in that from appearances it was perfectly harmless. This court in the case of *Dampf* v. *R. R. Co.*, 95 Miss. 85, without discussion, apparently approved the doctrine. The disposition of courts, including the supreme court of the United States, however, has been not to extend the doctrine any further, but there has been rather a noticeable re-action therefrom. *United Zinc & Chemical Co.* v. *Van Britt, supra; New York, New Haven & Hartford R. R. Co.* v. *Frutcher, supra;* 36 Harvard Law Review (No. 7) 826. The doctrine of attractive nuisance has a very limited scope. It forms an exception to the general rule, and while each case must rest on its own facts, the principle is confined within certain narrow limits. All the authorities hold, however, that the following facts must be present: 1. The owner must know of the presence of the children. *Witte* v. *Stifel*, 47 Am. St. Rep. (Mo.) 668; 29 Cyc. 448; *Fitzmaurice* v. *R. R. Co.*, 3 L. R. A. (Conn.) (N. S.) 149; *Hart* v. *Mason City Brick & Tile Co., supra; Mayfield Water Co.* v. *Webb*, 18 L. R. A. (Ky.) (N. S.) 179. 2. The second element of liability, which must always be present, is that the danger must be a latent one. *Erickson* v. *Great Northern Ry. Co.*, 83 Am. St. Rep. (Minn.) 410; *Coon* v. *Railroad Co.*, 1915-D L. R. A. (Ky.) 160; *Zartmer* v. *George* (Wis.), 52 L. R. A. (N. S.) 129; 29 Cyc. 449, par. 4. 3. The machinery must have formed and constituted a peril not appreciated by the child. *Barrett* v. *Southern Pac. Ry. Co.* (Col.), 25 Am. St. Rep. 186; *Pekin* v. *McMahon* (Ill.), 45 Am. St. Rep. 114; *Chicago* v. *Krayenbull* (Neb.), 59 L. R. A. 920.

In the present case the plaintiff seems fully to have appreciated any danger of going to the shafting, because he stood at what he had every right to believe was a safe distance. According to the brief for appellant, he did not go closer than three feet to it. The probabilities are he was even as much as four feet from it. The

undisputed proof shows that the appellant fully appreciated the danger. 4. The authorities are equally well established that the child must have been attracted to that thing claimed to be a dangerous nuisance. *Pekin* v. *McMahon, supra; Sidal* v. *Jansen* (Ill.), 39 L. R. A. 112; *Witte* v. *Stifel, supra; Branan* v. *Wimsatt,* 298 Fed. 833. (D. C.).

VI. Irrespective of the fact that the cuff on the shafting had a set screw on it which was unguarded, the appellees could not be held to contemplate the probability of any such injury, and the proximate cause of the injury was that the plaintiff, while standing at a perfectly safe place, slipped and fell under the planing mill; that the plaintiff's slipping and falling was the proximate cause of the injury, which was something that the appellees were not required to anticipate. *L. & N. R. R. Co.* v. *Daniels,* 99 So. 434; *Marqueze* v. *Sonthiemer,* 59 Miss. 430; *Wilbourn* v. *Charleston Cooperage Co.,* 90 So. 9; *Y. & M. V. R. R. Co.* v. *Millsaps,* 76 Miss. 855; *Butler* v. *Oxford,* 69 Miss. 618; *Brame* v. *Light, Heat & Water Co.,* 95 Miss. 26; *G. & S. I. R. R. Co.* v. *Sneed,* 84 Miss. 252; *Brown* v. *Richardson,* 177 Ill. 488; *St. Louis R. R. Co.* v. *Justice,* 101 Pac. (Kan.) 496; *Teis* v. *Smuggler Mining Co.,* 158 Fed. 260; *Kreight* v. *Westinghouse,* 152 Fed. 120; *Seymour* v. *Union Stock Yards,* 79 N. E. (Ill.) 950; *Saxon* v. *St. Louis Transfer Co.,* 123 S. W. (Mo.) 104; *Daniels* v. *Hillman Coal & Coke Co.,* 123 Atl. (Pa.) 653; *Lineberry* v. *North Carolina Ry. Co.,* 123 S. E. (N. C.) 1; 1 Shearman & Redfield on the Law of Negligence (6 Ed.), sec. 32; *M. K. & T. Ry. Co.* v. *Moore,* 172 S. W. (Tex.) 568; *De Moss* v. *Kansas City Ry. Co.,* 246 S. W. (Mo.) 566.

VII. A Variance Between the Allegations of the Declaration and the Proof. In this case there is a variance between the case alleged and that sought to be

proved by the plaintiff. The case made by the pleadings is that the appellees maintained a planing mill under the flooring of which was dangerous machinery which was attractive to children; that there was a path along by the machinery, and, to the knowledge of the appellees, the public generally passed thereunder, and that plaintiff resorted to such place for the purpose of playing with and around the machinery, to which he was attracted; that the machinery was unprotected and unguarded, and on the day and date of plaintiff's injury he had gone under the shed, being attracted there by the machinery, for the purpose of playing around it; that his clothes got caught in it, owing to the unguarded set screw, and he received the injury sued for. *Richard* v. *Lumber Co.*, 101 Miss. 678; *Chism* v. *Alcorn*, 71 Miss. 506.

ANDERSON, J., delivered the opinion of the court.

Appellant, Roger Salter, by next friend, his father, Albert Salter, sued appellee Deweese-Gammill Lumber Company in the circuit court of Neshoba county for damages for an injury received by him through the alleged fault of appellee. At the conclusion of appellant's evidence on motion of appellee, appellant's evidence was excluded, and verdict directed for appellee. From which judgment appellant prosecutes this appeal.

Appellant was injured by his clothing being caught by a set screw fixed in a piece of rapidly revolving shafting in appellee's planing mill. Appellant was twelve years of age at the time of his injury. The ground upon which he sought to recover for the injury was what is known as the attractive nuisance doctrine. The controlling facts out of which the question arises are as follows:

Appellee owned a sawmill and a planing mill, situated near Philadelphia, the county seat of Neshoba county.

This plant was on the line of the G., M. & N. Railroad. The injury occurred in the planing mill part of the plant. There was an industrial railroad switch track running along by the side of the floor of the planing mill. This floor was about the same distance from the ground as the bottom of a freight car, something like three or four feet. A car standing on this track would just clear the floor of the planing mill. Underneath the floor there was a piece of shafting which revolved by means of a belt upon which cuffs were fastened by set screws. This shafting was back under the platform from six inches to three feet. The witnesses who testified did not agree as to the exact distance.

Appellant and some of his playmates on Sunday, the 15th day of January, 1922, heard that the planing mill was going to be started for the purpose of sharpening tools. Appellant and some other children in the neighborhood were in the habit of playing around appellee's plant. They went in and out as they pleased. This was known to appellee. Appellant had never been warned by appellee to keep away from the plant. Immediately before appellant's injury he and some of his playmates heard that a belt was going to be put on a pulley under the floor of the planing mill. They went near the place where it was to be done, in order to see it. Appellant was standing at a point about the end of the cross-ties of the switch track referred to above. According to the evidence, that put him from two to four feet from the rapidly revolving shafting with the set screws on which his clothing caught, and caused his injury. This shafting was unguarded, but as stated above was situated some distance under the platform of the planing mill. The evidence shows without conflict that, after watching appellee's employees put the belt on the pulley, appellant turned to leave the place where he stood. He was standing with one foot about the end of the cross-ties of the switch track, and the other nearer the edge of the floor

of the planing mill. He testified that his foot nearest the floor slipped, and he rolled under the flooring, coming in contact with the rapidly revolving shafting, when his clothes got caught on a set screw in the shafting, resulting in his serious injury.

Another witness, a boy who was with him, testified that appellant had his foot nearest the floor of the planing mill on a slick board, and when he went to turn that foot slipped, causing him to fall under the platform and roll against the shafting.

That this rapidly revolving shafting which made something like five hundred revolutions a minute, was dangerous to come in contact with was apparent. Appellant, whose evidence indicated he was a boy of intelligence, testified that he knew it was dangerous, that he had no purpose of going near it. In other words, the evidence without conflict showed that to come in contact with this shafting was manifestly dangerous, and that appellant was fully aware of the danger.

Appellant contends that the evidence brings this case within the attractive nuisance doctrine, and to sustain that position relies principally upon *Mackey* v. *Vicksburg*, 64 Miss. 777, 2 So. 178; *Spengler* v. *Williams*, 67 Miss. 1, 6 So. 613; *Temple* v. *McComb City*, 89 Miss. 1, 42 So. 874, 11 L. R. A. (N. S.) 449, 119 Am. St. Rep. 698, 10 Ann. Cas. 924; *Union Pac. R. R. Co.* v. *McDonald*, 152 U. S. 262, 14 S. Ct. 619, 38 L. Ed. 434; and *Sioux City R. R. Co.* v. *Stout*, 17 Wall. 657, 21 L. Ed. 745.

In *Mackey* v. *Vicksburg, supra,* the city of Vicksburg had constructed a path leading up a steep hill at the rear of the home of plaintiff's father. The path was so constructed as to attract children. In walking up the path, plaintiff fell off and was injured. The court held that the city of Vicksburg should have reasonably anticipated the disposition of children to explore such a way. The child in that case was only four or five years of age. *Spengler* v. *Williams, supra,* was a case in which the de-

fendant piled lumber in a street; children were in the habit of playing around it. Plaintiff, a boy of seven years of age, while playing around the lumber pile, by reason of the negligent manner in which it had been stacked, received injuries resulting in his death. The pile of lumber appeared harmless to children. In *Temple* v. *McComb City, supra,* the plaintiff, a child, was injured by coming in contact with a municipal electric light wire strung in a tree not far from a highway. Plaintiff climbed the tree, and came in contact with the wire, and was injured. The court held that the municipality was at fault, and was liable. That the light wire so strung was a highly dangerous agency, and was dangerous to boys who might take refuge in the tree, and that the municipality should have reasonably anticipated that boys would do that, and that in doing so might come in contact with the wire and be injured as the plaintiff was.

The attractive nuisance doctrine seems to have originated in what is known as the turntable case, *Sioux City R. R. Co.* v. *Stout, supra.* In that case the railroad company maintained a railroad turntable in an open space in a community where something like one hundred people resided. It was near a traveled highway. The grounds were uninclosed. Plaintiff and some of his playmates, as they were in the habit of doing, went on the premises and got on the turntable, for the purpose of riding around on 'it. It was not guarded or locked, and judging from appearances it was perfectly harmless. The railsoad company knew that the boys in the neighborhood were in the habit of riding around on the turntable. While so riding plaintiff got his foot caught and received an injury which resulted in the amputation of his foot. The court among other things said:

''The evidence is not strong, and the negligence is slight, but we are not able to say that there is not evidence sufficient to justify the verdict.''

In *Union Pac. R. R. Co.* v. *McDonald, supra,* the railroad company in connection with its railroad business operated a coal mine which was reached by a path. Along this path the company had dumped a large quantity of slag, which had been going on for some two years. Under the slag there were live coals of fire which could not be readily ascertained by inspection. There was a statute in the state of Colorado where this case arose requiring slag piles under those conditions to be fenced, and making railroad companies liable for injuries sustained by failure to so fence. Plaintiff, a boy twelve years of age, was going north along the path by this slag pile when he got frightened and ran and lost his balance and fell on it and was burned. Among other things the court said:

"The surface was a mere covering of ashes, sufficient in depth to conceal from view the fire underneath. Except when there was rain, snow, or wind, no smoke would be emitted from the slack pit, nor would there be any visible indications of the existence of the burning coals under the ashes covering the slack."

The court held the defendant liable in that case.

The attractive nuisance doctrine is discussed in 29 Cyc., pp. 447-449, the chapter on Negligence. The rule is there stated substantially as contended for by appellant, except that appellant leaves out one essential element of the doctrine, and that is that the child must be of such tender age and so inexperienced as not to be able to fully comprehend the danger. The author states without qualification, and the statement is borne out by the authorities, that a defendant will not be liable where the danger is obvious and known, and the child has sufficient intelligence to appreciate it, even though the defendant has notice that children are accustomed to come about the place of danger.

That principle is apparent in the authorities relied on by appellant. The doctrine has no application to a case

where the danger is obvious and the child is of sufficient age and discretion to fully comprehend the danger.  The doctrine applies only where the thing that caused the injury is an attractive and also an alluring nuisance.  It must be deceiving to the child.  It must be a bait which the child will follow "as mechanically as a fish."  It must be certain to attract, and the danger must be hidden to the inexperienced child.  We have no such case as that here.  On the contrary, this is a case where the danger of the machinery causing the injury was apparent to every one.  Appellant freely and positively testified that he knew of the danger and had avoided it, and intended to avoid it.  The danger was not hidden; it was not alluring; it was not a bait.  Therefore we have simply a case where the plaintiff, a trespasser, was injured by an unfortunate accident.  It is a case where appellee owed appellant no duty except not to willfully or wantonly injure him.  There is no pretense of any case as a result of willful or wanton conduct on the part of appellee.

*Affirmed.*