BONHOMIE & H. S. RY. CO. *v.* HINTON *et al.*

(Division B. Oct. 28, 1929.)

[124 So. 271. No. 28067.]

174

John R. Tally and Paul B. Johnson, both of Hatties-
burg, for appellant.

**Morris & Wingo,** of Hattiesburg, for appellees.

Argued orally by **Paul B. Johnson** and **John R. Tally,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

At a flag station, called Wingate, on appellant's line of railway, there is a small house used and maintained by the railway as a depot. There is a room or compartment in this house which is used for the reception of freight. This compartment is opened and closed by a heavy door, which door is suspended by rollers to an overhead rail, or rails, so that the door is operated upon these rollers, rather than upon hinges. The door is not locked, there is no agent there, and in brief the depot house is used in the ordinary manner appertaining to flag stations.

Around and near this depot house, for several years past, children had been accustomed to play, and occa-

sionally they would go into the said house. On the 17th day of May, 1928, Ira Hinton, Jr., a boy six years old, was playing around the said depot and in the said freight compartment. Finally he engaged in sliding the said door back and forth, with the result that in a manner not necessary here to detail the rollers came off the rail, and the door fell, injuring the child.

Suit was brought, and a judgment was obtained for the plaintiff on the theory that the said depot house and the door therein was an attractive nuisance from which judgment this appeal is prosecuted.

There has been much difference of opinion among the many reported cases throughout the several states on this question, and there are some cases that would sustain the judgment here in issue. But our view, and, as we think, the view that is taken by the later cases in this state, is expressed in the following quotation:

"While it is necessary to the applicability of the doctrine now under discussion that the instrumentality or condition involved in the particular case should be attractive to children as well as dangerous to them, a statement that any agency which is dangerous and attractive to children may constitute an attractive nuisance is entirely too broad, and leads to absurdities, for there is practically no limit to what may attract children. It is manifest that many things ordinarily in existence and use throughout the country are both attractive and dangerous to children, and to hold that such things amount to an implied invitation to enter would be contrary to reason, lead to vexatious and oppressive litigation, and impose upon property owners such a burden of vigilance and care as would materially impair the value of property and seriously cripple the business of the country. Accordingly, it is usually considered that in order that the doctrine may properly be applicable, the condition or appliance must be something unusual and which

is of a nature rendering it peculiarly or unusually attractive or alluring to children.'' 45 C. J., pp. 765, 766.

Houses are ordinary or common objects. They are everywhere, and civilized society could not exist without them. Many of them have, for instance, banisters and stairways, and it is a propensity of healthy children to run up the stairs and slide down the bannisters. In this way children are frequently hurt, but none would contend that the owner would be liable under a claim that there should be no stairs or banisters or else that they must be so constructed as to guard against such an accident. The testimony in this case discloses nothing about this depot building that was unusual in its construction or appearance, or which was of any such special or particularly attractive or alluring nature as to set it apart and make it more than a house, more than a mere railroad station house. A house, merely because it happens to be a depot house, is not for that reason to be differentiated from other houses, most of which involve dangers of some kind, and present equal or greater attractions, and the same general appearance. And, if such a house is to be classed as an attractive nuisance, merely because in some cases children play around them, as was the case here, then the farmer's barn is an attractive nuisance, especially when it is well filled with hay and other forage, in and upon which children, ever since there were barns, have so much delighted to amuse themselves. And in this connection it may be observed that the testimony of the witnesses described the door, which caused the injury here, as being one constructed in the manner of sliding barn doors; the complaint being, however, that it did not have a guard to prevent the possibility of the derailment of the rollers.

In Ling v. Great Northern Ry. Co. (C. C.), 165 F. 813, it was expressly held that a railroad depot is not such a place as to come within the doctrine of attractive nui-

sance. A case even more closely in point is Giannini v. Campodonico, 176 Cal. 548, 169 P. 80, 81, where a boy was injured by the fall of a sliding door, which door was known by the owner to be out of repair. The place was a stable, where numbers of horses and wagons were kept, and "a large number of boys frequently congregated about the stable, and at times went into the stable." The boy who was injured was one of these, and he lived immediately across the street. The court, in denying recovery, said, inter alia: "If a stable is an attractive nuisance merely because boys like to congregate in and around it, then any place where boys like to play comes within the same category; yet it is clear that such is not the law."

There is a distinct tendency in the decisions of late years to restrict rather than extend the doctrine commonly known as the turntable or attractive nuisance doctrine. An examination of the cases of Thompson v. Railroad Co., 105 Miss. 636, 63 So. 185, 47 L. R. A. (N. S.) 1101, and Salter v. Lumber Co., 137 Miss. 229, 102 So. 268, particularly the terms of the reasoning employed by the judges therein, will disclose that our own court has aligned itself with this tendency.

Reversed, and judgment here for appellant.