THOMAS, et al. *v.* MAGNOLIA TREE SERVICE

No. 42713         June 10, 1963         154 So. 2d 282

*Walker, Franks & Hamberlin,* Hernando, for appellants.

*Brewer, Brewer & Luckett, James A. Phyfer,* Clarksdale, for appellee.

GILLESPIE, J.

This suit was brought under the wrongful death statute by the plaintiffs, appellants here, who are the heirs of A. Leroy Thomas, Jr., deceased, against Magnolia Tree Service, a corporation, appellee here. It was alleged that appellee's negligence was the proximate cause of the death of A. Leroy Thomas, Jr., deceased. The lower court sustained a demurrer to the declaration, appellants declined to plead further, and the suit was dismissed.

Appellee is the owner and operator of tree trimming and cutting equipment consisting of a truck with a flexible boom mounted thereon used to elevate workers into the trees so they may trim the branches, and a trailer attached to the truck. On the trailer is a grinder used to crush and grind the branches cut from trees. When this equipment is in operation it makes a loud noise, and children are attracted by the equipment and noise. About 9:15 A. M. on March 15, 1961, this equipment was parked by appellee's employees on the north side of West Valley Street in Hernando, Mississippi. West Valley Street runs east and west. The truck and trailer were parked close to the curb. The street is twenty feet wide. West Valley Street is intersected

by Short Street about six feet east of the parked vehicle, and by North Elm Street about 145 feet west of the west end of the truck. West Valley is a much used street. The declaration charges that there was only "about 8½ feet" between the truck and the south line of the street, but it charges the street is twenty feet wide, the truck was parked close to the north curb, and it was not shown that the truck was of illegal width.

Appellant's decedent, a ten-year old child, and other children, were attracted by the operation of the machine and gathered around to watch its operation, and did so for about thirty minutes before A. Leroy Thomas, Jr. was killed. During this time, "one of defendant's employees warned one of the children not to stand under the tree that was being trimmed." The deceased and another child stepped into the street to have a better point of observation, and "one of defendant's employees cautioned the children about being in the street." This was the only precaution taken by appellant. During all this time the machinery was making so much noise that an approaching automobile could not be heard. One automobile almost struck deceased and he was saved by another child's warning. Decedent was engrossed in watching the operation and backed further into the street for a better view when he was struck by an automobile operated by Raiford Noe, Jr., traveling east. The point of impact was six feet east of the trailer attached to appellee's truck. It is not stated in the declaration, but it obviously appears from other statements, that decedent was struck somewhere in the south half of West Valley Street.

It is charged that appellee was under a duty to avoid obstructing the street; that it created a hazard and should have anticipated danger to pedestrians from motor vehicles using said street. It is charged in the declaration and argued in appellant's brief that the machinery constituted an attractive nuisance and ap-

pellee should have taken reasonable precautions to prevent said accident from happening. It is also charged that the truck and equipment obscured the view of any driver of a vehicle approaching from the west.

Appellants contend that a sufficient charge of negligence was contained in the declaration in that appellee parked its vehicle so as to constitute a source of danger to others and did not use ordinary and reasonable care to protect those endangered thereby from harm. The declaration does not charge that the truck was of illegal width or was engaged in any illegal operation, or was illegally parked. It does charge that it obstructed the view of a driver of another vehicle approaching from the west, but this is true of any vehicle wherever parked. Even if the vehicle had been improperly parked, appellee would not necessarily be liable under Mississippi City Lines v. Bullock, 194 Miss. 630, 13 So. 2d 34. We are of the opinion that the warning which the declaration shows the employees of appellee gave to the children congregated around the machinery was sufficient compliance with any duty resting upon the appellee.

Appellant contends that under the allegations of the declaration appellee was liable for the death of decedent under the attractive nuisance doctrine, and cites numerous authorities in support of their contentions. It is essential to liability under the doctrine of attractive nuisance that the attractive thing or something inseparably connected with it must have been the proximate cause of the injury. 38 Am. Jur. 819. In Salter v. Lumber Company, 137 Miss. 229, 102 So. 268, this Court held that before the doctrine of attractive nuisance applies the danger must be hidden to the inexperienced child. The danger here was not hidden, it was from motor traffic in the street. Appellee's machinery was undoubtedly attractive to children, but it is not shown that it was a nuisance, and the decedent was not killed as a result of coming in

contact with the machinery or anything connected with the machinery. Therefore, the doctrine of attractive nuisance does not apply. Baker-Evans Ice Cream Co. v. Tedesco (Ohio), 150 N.E. 745, 44 A.L.R. 430; Sidders v. Mobile Softee (Ohio), 184 N.E. 2d 115. There are many vehicles, implements and machines being used on the streets which are attractive to children, but which are lawful and do not constitute attractive nuisances within the meaning of that doctrine.

Affirmed.

*Lee, P. J., and Kyle, Arrington and Ethridge, JJ.,* concur.