Matthias, J.
 

 The only question in this case is whether the facts stated in the amended petition constitute a charge of actionable negligence against-the defendant.
 

 The situation presented by the amended petition of the plaintiff, tersely stated, is that for several months prior to the date of the occurrence of the accident related, the plaintiff and other children in the neighborhood had been accustomed to gather' about the truck of the defendant whenever it was in that vicinity, particularly during the absence
 
 *174
 
 of the driver on his mission of making deliveries of ice cream or ice; that, although the driver had frequently warned them away from the truck by harsh, boisterous, and threatening language, they would nevertheless congregate there for the purpose of procuring pieces of ice whenever the truck was in that vicinity; and that they had done so upon the occasion in question.
 

 The gist of the charge made by the amended petition is that because the defendant’s agent had frequently used and employed toward children boisterous and threatening language, in warning them away from his truck, he had put them in such fear of him that they would leave instantly and precipitately upon his approach. According to the averments of the Amended petition, that is just what happened on this occasion. The defendant’s agent did just what he had done on many previous similar occasions under like circumstances, with the same effect. There was, of course, no invitation by him to these children to congregate about his truck. The averments of the pleading are to the contrary. The contention of counsel for plaintiff is that the action of the defendant’s agent in approaching the truck and calling, “Hey, there,” was an act of negligence which caused plaintiff to run across the street, and that her injury by a passing automobile, while so doing, was a proximate result of such act of defendant’s agent. True, there are averments of other acts which are characterized as negligent, but they have not been urged and require but little consideration.
 

 The stopping of the truck on the left side of the street, though in violation of law, is not shown
 
 *175
 
 by any averment in the petition to have affected the situation, and the location of the truck had nothing to do with threatening and frightening the plaintiff and causing her to run into or across the street. The plaintiff was not injured by the truck, nor was she injured by being in or about the truck. Taking the statements of the amended petition at their full worth, the plaintiff’s right of recovery must rest upon the proposition that the defendant’s agent was negligent in that by word and demeanor used for the purpose of warning the children away from his truck he caused plaintiff to run into the street toward her home, and that such action of his was the proximate cause of her injury. It is urged that defendant’s agent should have known that his manner and action were calculated to and likely would cause the children gathered about the truck to run into danger and be injured, and that, if, using ordinary care, he would have known that the plaintiff from her childish instincts would run away when frightened by him, he would be liable for the injuries suffered by her.
 

 The case of
 
 Ziehm
 
 v.
 
 Vale,
 
 98 Ohio St., 306, 120 N. E., 702, 1 A. L. R., 1381, is relied upon by counsel for plaintiff to support this contention. In that case it was held the owner of an automobile was not absolved from all duty toward a child of-tender years, whom he found upon his automobile, parked at the curb, by merely driving Mm away therefrom, but that, if the child remained in close proximity to the car, the driver was required to continue to exercise reasonable care to avoid causing injury. The facts disclosed in that case were
 
 *176
 
 that when the owner returned to his car parked at the curb he found two or three small boys upon the right running board, who asked for a ride, but were refused and driven away from the car. The plaintiff, however, went around the automobile and climbed upon the left running board, from which he fell shortly after the car was started. The court approved a charge given, which, in effect, declared that the defendant was bound to know that a child under the age of five years might act upon a childish impulse, and that if the plaintiff was so close to the car when the defendant got into it, and put it in motion, and his conduct was such as to lead a prudent man to believe that he was about to jump upon the car, the jury would inquire what ordinary care and prudence required of the defendant under such circumstances.
 

 That is quite a different state of facts from those disclosed by the record in the instant case. There is no complaint here that the driver of the truck was not sufficiently vigorous and forceful in word and act to drive these children away from it. It is just the contrary. In this case the defendant’s agent did just what this court in the
 
 Ziehm case
 
 held he should do, and now it is urged that he is liable because he did that. The averments of the petition indicate that because of the language and action of the defendant’s agent on previous occasions the plaintiff and other children feared him when they saw him coming, and would run away upon his approach, without a warning by calling to them, or otherwise. From these averments it seems doubtful if the “Hey, there,” on this occasion, added anything to causing the plain
 
 *177
 
 tiff to run. away. However that may be, it was clearly the duty of defendant’s agent to warn the children away from the truck before he started. He did that, and thus averted any injury that might have been caused by moving the truck while the children were in the vicinity. It is pertinently asked what further is required under such circumstances, and it is well suggested that if one is liable for failure to warn, and is also liable if he does give an effective warning and thus cause the children to absent themselves from a dangerous place and prevent injury to them, it is quite difficult for such person to determine what can be done to avoid liability. If there be a liability under the state of facts here presented, there would be a liability had the driver been in his seat and by use of his auto horn given warning to the children in the street in an endeavor to avert injuring them, if a child getting out of the street were injured by a passing automobile or otherwise. Surely no one could claim that the giving of such warning under those circumstances would constitute actionable negligence. The doctrine of attractive nuisance can have no application under the facts and circumstances here presented.
 

 For the reasons indicated we are of opinion that the court of common pleas was right in sustaining the demurrer to the amended petition and its judgment should have been affirmed.
 

 Judgment of the Court of Appeals reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.