## LEONARD BLOOM v. GOOD HUMOR ICE CREAM COMPANY, ET AL.

[No. 26, January Term, 1941.]

*Decided March 5th, 1941.*

The cause was argued before SLOAN, MITCHELL, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Joseph Loeffler,* and *Harry E. Goertz,* with whom was *Benjamin Unger* on the brief, for the appellant.

*J. Nicholas Shriver, Jr.,* for the appellees.

FORSYTHE, J., delivered the opinion of the Court.

The appeal is this case is from a judgment for costs, entered by the Baltimore City Court in favor of the appellees. The judgment was entered after the court had sustained a demurrer, without leave to amend, to the "First Amended Declaration."

The facts upon which this action is based are stated in the amended declaration. It contains but one count, and is as follows:

"Leonard Bloom, an infant, by Hyman L. Bloom, his father, and next friend, sues The Good Humor Ice Cream Company of Baltimore, Maryland, a body corporate, and Adam C. Kearn.

"For that at the time hereinafter mentioned the Defendant, the Good Humor Ice Cream Company of Baltimore, Maryland, a body corporate, was engaged in the vending of ice cream and other frozen products, in small packages, on the highways of Baltimore City, from trucks operated by their agents and employees in the City of Baltimore, State of Maryland; and on the 5th day of August, 1939, a truck belonging to the Defendant, The Good Humor Ice Cream Company of Baltimore, Maryland, and operated by the Defendant Adam C. Kearn, its agent, servant and employee, who was then engaged in selling its ice cream and other frozen products in small packages therefrom as aforesaid, was caused to come to a stop and was parked in a southerly direction in the southern lane of Payson Street, at or near Ridge Hill Avenue, both public thoroughfares in the City of Baltimore, but near the centre thereof, so that said truck was parked a distance of about eight (8) feet from the west curb of said North Payson Street; that the infant Plaintiff, who was then ten (10) years of age, and who was on the East sidewalk of said North Payson Street, was invited by the said Adam C. Kearn, in the scope of his employment, for the purpose of making a sale, to come to the said parked truck, which said infant pro-

ceeded to do, and the said Adam C. Kearn then and there sold the said infant one of his employer's products, after which the said infant walked behind the said truck and proceeded to return to the east sidewalk of said street when he was struck and seriously injured, as the result of the negligence of the Defendants by an automobile operated in a careful and non-negligent manner in a northerly direction on said Payson Street; that the aforesaid accident to the Plaintiff was caused by the carelessness and negligence of the said Adam C. Kearn, the employee and agent of the said Defendant, The Good Humor Ice Cream Company of Baltimore, Maryland, in inviting the said infant Plaintiff to a place of danger, for the purpose of selling him one of his employer's products and in failing and neglecting to see that the said infant plaintiff was safely returned to the east sidewalk of said Payson Street, after he had consummated his purchase; that the said infant plaintiff sustained a concussion of the brain, various bruises, abrasions and lacerations of his head, body and limbs and was caused to suffer great pain and mental anguish, and other wrongs sustained.

"And the Plaintiff says that the said accident was caused by the carelessness, recklessness and negligence of the said Defendants, and without any negligence on the part of the said infant plaintiff contributing thereto.

"Therefore, the Plaintiff claims Fifteen Hundred ($1-500.00) Dollars damages."

From those allegations of the amended declaration, it appears that the only question presented by this appeal is, whether the facts as therein charged constitute a sufficient charge of actionable negligence against the appellees.

The specific acts of negligence attributed to the appellee, Kearn, are stated in the following language: "That the aforesaid accident to the Plaintiff was caused by the carelessness and negligence of the said Adam C. Kearn, the employee and agent of the said Defendant, The Good Humor Ice Cream Company of Baltimore,

Maryland, in inviting the said infant Plaintiff to a place of danger, for the purpose of selling him one of his employer's products and in failing and neglecting to see that the said infant plaintiff was safely returned to the east sidewalk of said Payson Street, after he had consummated his purchase."

In addition to the above allegations, the amended declaration expressly states that the infant appellant, after he had approached the appellees' truck, and had made his purchase of ice cream, "walked behind the said truck and proceeded to return to the East sidewalk of said Street, when he was struck and seriously injured" by an automobile approaching on the other side of the street, and proceeding in the opposite direction.

Those allegations are of two separate and intervening physical acts, both of which occurred after the appellant had left the appellees' truck. By reason of those allegations, the question is at once raised as to what, in fact, was the proximate cause of the accident to the appellant, the acts charged to the appellee, Kearn, or those of the appellant and the other automobile.

Variously stated, the universally accepted rule as to the proximate cause is that, unless an act, or omission of a duty, or both, are the direct and continuing cause of an injury, recovery will not be allowed. The negligent acts must continue through every event and occurrence, and itself be the natural and logical cause of the injury. It must be the natural and probable consequence of the negligent act, unbroken by any intervening agency, and where the negligence of any one person is merely passive, and potential, while the negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability. *Holler v. Lowery,* 175 Md. 149, 200 A. 353; *Monumental Motor Tours v. Becker,* 165 Md. 32, 166 A. 434; *Bowman v. Williams,* 164 Md. 397, 165 A. 182; *Realty & Mortgage Co. v. Ulrich,* 164 Md. 666, 165 A. 708; *Baltimore v. Terio,* 147 Md. 330, 128 A. 353; *Wilson v. Yates,* 137 Md. 54, 111 A. 161; *State v. Washington, B. & A. Elec. R. Co.,* 130 Md. 603, 101 A. 546; 45 *C. J.* p. 501, sec. 478.

There is no definite and fixed rule whereby it can be determined which of several causes the law regards as sufficiently proximate, or too remote, to be the foundation of an action. That question must be determined by the peculiar facts and circumstances of the particular case. *Baltimore v. Terio, supra,* 22 *R. C. L.* p. 33, and cases there cited.

In considering the facts as alleged in the amended declaration in this case, it is important to bear in mind that the accident did not occur when the appellant was approaching the appellees' truck, or while he remained near the truck. There is no allegation in the amended declaration that the appellant, a boy of ten years of age, did not possess the intelligence and judgment of a normal boy of that age, or that he was unfamiliar with the hazards of automobile traffic in the streets of the large city in which he lives. It is well settled in this state that infants are held to the same degree of care as any other child of similar age. *Ottenheimer v. Molohan,* 146 Md. 175, 126 A. 97; *Zulver v. Roberts,* 162 Md. 636, 161 A. 9.

From the alleged facts in this case, it appears very clear that the accident to the appellant was brought about entirely by reason of the appellant leaving the ice cream truck, walking behind it to a place between the truck and the east sidewalk, and the sudden appearance of the automobile. That act on the part of the appellant, and the approaching automobile, were the separate and intervening causes of the accident.

There are no reported decisions of this state exactly similar to this case, wherein children have been injured in the public streets under circumstances such as those here presented. But in the Ohio case of *Baker-Evans Ice Cream Co. v. Tedesco,* reported in 114 Ohio St. 170, 150 N. E. 745, it was held that the action of the driver of an ice cream truck in frightening a five year old girl by calling "Hey there" to her when she was picking up a piece of ice fallen from the truck, so that she ran across the street and was struck by a passing automobile, was

not actionable negligence, because the proximate cause of the accident to the little girl was the negligence of the driver of the automobile, or the negligence of the child herself.

In the case now before us, the acts of negligence attributed to the appellee Kearn are not as positive as was the act of the driver of the truck in the case just cited. He actually frightened the child so that she ran away. But there is no charge that Kearn did anything whatever to cause the appellant to leave the truck and go across the street, or that he knew the appellant had left the truck.

When the rule in reference to proximate cause is applied to the facts as alleged in this case, it is found that there were intermediate causes, self operating, which caused the injury sustained by the appellant. Even if it be assumed that the appellee Kearn was negligent in some respect, the connection between the alleged negligent acts of the appellee Kearn, and the injury, was broken by the intervening, immediate causes, which he had no reason to anticipate, and over which he had no control.

For the reasons stated, the ruling of the Baltimore City Court in sustaining the demurrer to the first amended declaration, without leave to amend, was correct, and the judgment must be affirmed.

*Judgment affirmed, with costs to the appellees.*