158 So.2d 279 (1963)
Joseph F. MOLLIERE, Individually and as Administrator of the Estate of the Minor Child, Wayne Molliere,
v.
AMERICAN INSURANCE GROUP et al.
No. 5976.
Court of Appeal of Louisiana, First Circuit.
November 12, 1963.
Rehearing Denied December 16, 1963.
Writ Refused January 22, 1964.
*280 Seale, Hayes, Smith & Baine, by Donald T. W. Phelps, Baton Rouge, for appellant.
Dyer & Wilson, by Billy O. Wilson, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LOTTINGER, Judge.
This is a suit for damages resulting when the minor child of petitioner was injured when struck by an oncoming automobile. The petitioner is Joseph F. Molliere who sues individually and as administrator of the estate of his minor child, Wayne Molliere. The suit is against C. J. Cavalier, his liability insurance carrier, American Insurance Company, his employee, Sabin J. Breaux and Felix Bennett. The Lower Court awarded judgment in favor of petitioner, and against all defendants except Felix Bennett in the sum of $5,000.00, and dismissed the suit as it bears against Felix Bennett. The defendants have taken a suspensive appeal, and the petitioner has answered the appeal seeking an increase in the amount awarded.
The facts as found by the Lower Court are as follows:
"Prior to 11:20 A.M. on August 25, 1960, a dry and clear day, Sabin J. Breaux was driving a 1957 Chevrolet pickup truck owned by C. J. Cavalier in a northerly direction, between the city of Donaldsonville and the Town of White Castle, along Louisiana Highway No. 405. This Highway is a two-lane black top highway measuring approximately twenty-two feet with gravelled shoulders on both sides of sufficient width to park a motor vehicle. The covered pickup truck was being operated by the said Breaux in the course and scope of his employment of vending or peddling seafood for the said C. J. Cavalier. In order to attract the attention of prospective customers, Breaux would sound the horn of his vehicle as he proceeded along his route. At approximately this time, Mrs. Agnes Molliere, wife of Joseph F. Molliere, *281 and her daughter, Mary Ann Molliere, age 14, were in the dining room of the Molliere home located on the west side of Highway No. 405 approximately six miles above the city of Donaldsonville. The two other children of Mrs. Molliere, Doris, age 10 and Wayne, age 7, were playing in the rear of the yard on the south side of the home. As Breaux neared the Molliere home, blowing his horn to attract attention to the fact that he was peddling seafood, Mrs. Molliere sent Mary Ann out with a foot tub to purchase a dozen crabs. As the truck approached, Mary Ann flagged it down. Breaux thereupon stopped his truck in the northbound traffic lane of the black topped highway a few feet north of the southern entrance of the driveway and opposite the Molliere home. This driveway is of the circular type with 2 entrances into the highway. After Breaux determined that Mary Ann wished to purchase some crabs he descended from the cab of his truck and went to the rear thereof. He placed the tub given to him on the lowered rear tail gate and proceeded to lift the live crabs from his container in the truck and to place them in the tub by means of wooden tongs. In the meantime, the two other children had left their play in the yard and had crossed the southbound traffic lane to the rear of the truck in close proximity to the tail gate where they could watch the proceedings. After Breaux had lifted about one-half dozen crabs, a crab which had attached itself to a crab being lifted by the tongs dropped on to the flooring of the truck, sidled off the tail gate and fell at the feet of Wayne. The little boy, becoming frightened, ran from behind the truck into the path of a 1952 Ford Sedan owned and being driven by Felix Bennett in the south bound traffic lane. This automobile had been proceeding southwardly towards Donaldsonville at a speed of between 30 and 35 miles an hour. As the little boy ran from behind the truck he was struck by the front of the automobile at a point between the left front fender and the center ornament on the hood of this vehicle. The point of impact with reference to the highway was about two or three feet behind the parked truck and about seven feet from the western edge of the black top. He was then run over and dragged some ninety-six feet before he rolled from under the automobile at a point about two or three feet from the western edge of the black top. The car continued on some 264 feet from the original point of impact in the south bound lane when it was brought to a stop.
"As a result of being struck and run over, Wayne Molliere suffered a fracture of the right femur, a fracture of the hip, and a fracture of the skull with an avulsion of the left half of the scalp. He was given emergency treatment by Dr. Schexnayder of Donaldsonville and sent to the Charity Hospital in New Orleans where he remained from August 25, 1960, until September 23, 1960. Secondary infections were cleared with the use of antibiotics. He returned home and was kept in a cast for some 9 weeks. He was thereafter examined at Charity Hospital at regular monthly intervals until February 10, 1961, when his head injury was reported as healed and neurologically fine. He was then ordered to report at the end of five months. On July 27, 1961, the right femur was reported as apparently well healed. The hip fracture apparently was not severe since it is not mentioned in the prognosis. At the time of the trial the child showed no apparent residual defects except for the scar commencing at the left eye lid and running across his forehead and across the scalp in a semi-circle where it terminated near the left ear. He was out of school about a year but received *282 instructions during that time by a visiting teacher.
"There is testimony in the record which indicates that the brakes of the Bennett vehicle were not in good order. However, the Court is convinced that the condition of the brakes did not contribute to the accident. Bennett testified that he could not see the children behind the parked truck, and in this respect he is corroborated by the investigating officer, Trooper Jussel M. Ourso. The Court is further convinced that when the little boy darted from behind the parked vehicle that Bennett was then very nearly abreast of the parked truck and had no opportunity to attempt a stop or to take any measures to avoid hitting him. While driving with defective brakes is negligence, it was not a direct or proximate cause of this accident. When a child darts from behind a parked truck and emerges in front of the vehicle so suddenly that the driver cannot stop in time or take other steps to avoid injuring him the driver is not ordinarily liable for the injuries incurred. Seale v. Checker Cab Co., La.App., 137 So.2d 478, Layfield v. Bourgeois, La.App., 142 So.2d 799."
The petitioner claims that the accident and the resulting injuries to young Wayne was caused by the negligence of the defendant, Sabin J. Breaux, which negligence was a proximate cause of the accident. The Lower Court held that the crab truck operated by Breaux constituted an attractive nuisance and that Breaux should have reasonably foreseen that the accident or injury might occur. Accordingly the Lower Court awarded judgment in favor of petitioner and against Sabin Breaux, his employer, C. J. Cavalier, and his liability insurance carrier, American Insurance Company, in the sum of $5,000.00.
In the recent case entitled Beasley v. Guerriero, La.App., 123 So.2d 774, 86 A.L. R. 2d 703, the Court, in quoting from 38 American Jurisprudence, Section 142, with reference to the attractive nuisance doctrine, stated:
"`With reference to the doctrine generally it is well and ably stated in 38 American Jurisprudence verbo Negligence, Section 142 that: `* * * While the doctrine has been variously stated, courts which accept it generally are in substantial accord with the proposition that one who maintains upon his premises, a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril therein, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction. Within the limitations hereinafter considered, the doctrine is for the benefit of a meddling, as well as a trespassing, child. The result of such doctrine is that one is negligent in maintaining an agency which he knows, or reasonably should know, to be dangerous to children of tender years, at a place where he knows, or reasonably should know, children of tender years are likely to resort, or to which they are likely to be attracted by the agency, unless he exercises ordinary care for the protection of such indiscreet and youthful persons.' * * *"
In Browne v. Rosenfields, Inc., La.App., 42 So.2d 885, in which the Court held that an escalator located in the store of defendant was not an attractive nuisance, stated:
"If everything containing some element of danger to a boy, of which a plaything possibly can be made by him, amounts to an attractive nuisance, there is almost no limit to the application of the doctrine. In order to invoke liability under the attractive nuisance doctrine, it must be shown that the instrumentality or condition relied upon *283 to constitute the attraction was a sufficient allurement as likely to attract children upon the premises, and that the instrumentality was fraught with such danger to young children as reasonably to require that precautions be taken to prevent children from coming in conflict therewith. The tendency of the courts is to exclude from the application of the attractive nuisance doctrine things not in their nature dangerous or peculiarly alluring or attractive to children, natural conditions, common or ordinary objects such as walls, fences, and gates, simple tools and appliances and conditions arising from the ordinary conduct of a business."
We have no cases in the State of Louisiana regarding the question of whether a truck peddling crabs along the highways would constitute an attractive nuisance, however, in Coffey v. Oscar Mayer and Co., 252 Wis. 473, 32 N.W.2d 235, 3 A.L.R.2d 753, the Court held that an ice truck which was being stopped at intervals while the driver delivered ice was not an attractive nuisance, and the driver's duty to children playing around the truck when stopped was that of ordinary care.
In Baker-Evans Ice Cream Co. v. Tedesco, 114 Ohio St. 170, 150 N.E. 745, 44 A.L.R. 430 in which an ice truck was involved, the Court stated:
"It is not actionable negligence for the driver of an auto truck, standing at the curb of a city street, to call, `Hey, there,' as a warning to children congregated about such truck for the purpose of procuring pieces of ice which had dropped therefrom into the street, where in addition to such act of claimed negligence it is averred that as a result of such warning and similar warnings on previous occasions, the plaintiff a child five years of age and other children with her near the truck were put in fear of the driver, and upon his approach would run away from the truck, although upon the occasion in question the plaintiff in crossing the street toward her home was struck by a passing automobile. The doctrine of attractive nuisance has no application under the facts here presented."
The Courts of Louisiana have held that a brightly painted tractor left standing overnight and unattended at a job site constituted an attractive nuisance which places the burden upon the owner to take safety precautions to prevent injury to children of tender years. Commercial Union Fire Ins. Co. v. Walter E. Blocker, et al., La.App., 86 So.2d 760. In that case, however, the tractor was very easily started. In another case involving a tractor, the Court held a parked tractor not an attractive nuisance when it was established that it was not easily started. Tabary v. New Orleans Public Service, Inc., La.App., 142 So. 800.
We do not believe that the crab truck operated by Sabin J. Breaux was an attractive nuisance. To so hold would bring every peddler's truck traveling our highways within the realm of the doctrine, and would cause the owners or operators thereof to take unusual precautionary measures to prevent accidents to young children who might cross the highway to come to the truck. Furthermore, even were we to hold otherwise, that is, that the crab truck did constitute an attractive nuisance, the facts disclose that the injuries to young Molliere were not caused by this attractive nuisance, but was caused by another vehicle which was in no way related to the crab truck.
Nor do we believe that Sabin Breaux was guilty of any act of negligence which constituted a proximate cause of the accident which resulted in young Wayne's injuries. The pititioner claims that he was negligent first in parking The pititioner claims that he was negligent first in parking across the highway from the Molliere residence, when he could have driven into the driveway which would have been a safe place. Secondly they claim that he was not parked on the shoulder but was parked in the travel portion of the highway. The record discloses *284 that the crab truck was brought to a halt on its right side of the highway, and regardless of whether or not a portion of the truck might have been on the blacktop, we do not believe that Breaux was guilty of any negligence in bringing his truck to a halt in this position. The petitioner next claims that Breaux was guilty of negligence in dropping a crab and allowing it to crawl off the tailgate and fall to the ground so as to frighten young Wayne. Again we feel that this did not constitute any negligence on the part of Breaux which was a proximate cause of the injuries to the young Molliere. The facts disclose that Breaux did not even know that the boy was near the truck.
The cause of the accident with which we are concerned was the unfortunate act of young Wayne in darting out into the highway from the rear of the parked truck. The Lower Court erred in holding Breaux negligent, and the judgment of the Lower Court will be reversed.
For the reasons hereinabove assigned, the judgment of the Lower Court is hereby reversed, and there is hereby entered judgment in favor of defendants, American Insurance Group, C. J. Cavalier and Sabin J. Breaux dismissing this action. All costs shall be paid by petitioner.
Judgment reversed.
HERGET, J., dissents with written reasons.
HERGET, Judge (dissenting).
The factual issue, including the circumstances under which Wayne Molliere was injured, is described in the majority opinion.
The question for resolution depends upon the determination of whether a vendor of crabs, who admittedly invited residents alongside the road he traversed and particularly including Plaintiffs' family, is in any way negligent in parking for selling crabs the merchandizing vehicle on the highway, requiring the invitee, a child of seven years, to place himself in a position of danger.
Admittedly, Mr. Breaux, the employee of C. J. Cavalier, insured by the defendant, American Insurance Company, invited householders living along this highway to purchase crabs from him. Necessarily invitees residing on the opposite side of the highway from where he stopped his truck were obliged to cross same to make purchases.
As stated in the majority opinion, when Mr. Breaux was filling the order of Mary Ann Molliere for a dozen crabs requested by her mother, one crab was attached to another and in the handling thereof the two became disengaged and one dropped from the tailgate end of the truck, frightening young Molliere. Consequently, as found by the Trial Judge, the child darted from behind the parked truck into the path of a moving vehicle operated by Felix Bennett and was struck by Bennett's vehicle. Hence this suit against Defendants for damages sustained.
We do not believe it requires any special knowledge of the habits of crabs for one even in the ordinary course of handling same to be aware the probability is evident that should one escape it will resort to all devices to defend itself. And, moreover, I observe that one in the position of Mr. Breaux, without question aware of the tendencies and ability of the crab to protect itself when cornered, should have taken extra precautions to prevent the crustacean from being placed in a position of defending itself. His negligence is apparent when, without taking such precautions, he handled the crabs in such a way one caused the frightening circumstances to young Molliere, who made his hastened exit from behind the parked car into the path of the oncoming Bennett vehicle.
In the majority opinion the statement is made "The facts disclose that Breaux did not even know that the boy (meaning Wayne) was near the truck."
*285 In my opinion the agent of the vendor of the crabshaving invited prospective purchasers to a dangerous position, a main highwaywas under an obligation to foresee the possibility of just such an accident as occurred here. When he handled the entangled crabs and one dropped, the boy, Wayne Molliere, in his fright sought an avenue of escape, which, unfortunately, happened to be the highway where he was struck by Bennett's vehicle.
I am of the opinion the Trial Court properly resolved the issues in this case. Accordingly, I respectfully dissent from the judgment reversing its decision.