181 So.2d 426 (1965)
Hardy N. GOFF, Individually, etc., Plaintiff-Appellant,
v.
Catherine CARLINO et al., Defendants-Appellees.
No. 1564.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Rehearing Denied January 18, 1966.
Writ Refused March 11, 1966.
*427 Garrett & Farrier, by Donald M. Garrett, Alexandria, for plaintiff-appellant.
Gold, Hall & Skye, by George B. Hall, Alexandria, for defendant-appellee.
Gravel, Sheffield & D'Angelo, by A. M. D'Angelo, Alexandria, for defendant-appellee.
Gist, Gist, Methvin & Trimble, by Howard Gist, Alexandria, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
Jim Goff, aged 9, was struck by a car driven by Mrs. Catherine Carlino one July afternoon. Jim had just purchased some ice cream from a vending truck parked across the street from his home. He was running back home when Mrs. Carlino's car hit him as he emerged from around the front of the ice cream truck.
By the present suit, his father seeks to recover for young Jim's personal injuries. Mrs. Carlino and Harold Soileau, the operator of the ice cream truck, are made defendants, as well as are others allegedly liable for any negligence of Mrs. Carlino or Soileau under the circumstances (Mrs. Carlino's husband, Soileau's employer, insurers of the vehicles). The trial court held that neither Mrs. Carlino nor Soileau were negligent.
The plaintiff appeals the dismissal of his suit for his son's injuries, contending: (1) that Mrs. Carlino's speed, lookout, and control were deficient in view of the anticipatable presence of children around the ice cream truck; and (2) that Soileau's parking of the ice cream truck attracting children to cross the street created an unreasonable hazard to their safety.
1. Mrs. Carlino's negligence.
We find no error in the trial court's factual evaluation of the evidence as showing the following:
The ice cream truck was parked immediately next to the curb in a residential area. Mrs. Carlino approached the truck from its rear. At that time, the young Goff boy was at a curbside vending-window. He was not visible to her. There were no other children in the area at the time.
Mrs. Carlino approached the truck at a slow speed of about 10-15 mph, veering her car towards the center of the street because of the parked truck. After young Jim Goff purchased his ice cream, he ran back towards home, first alongside the truck, then around the truck's front end, all this time hidden from Mrs. Carlino's view. He ran into the roadway from behind the front end of the parked ice cream truck just as Mrs. Carlino drew past it.
Jim was immediately struck by the right front of the Carlino car (or else ran into it). He fell to the ground 2-3 feet frontwards of the truck. Mrs. Carlino brought her vehicle to an immediate stop about 20-25 feet past the child.
Under these facts, the trial court correctly held that Mrs. Carlino was free of negligence contributing to the accident. Slowed to a speed of 10-15 mph and able *428 to bring her vehicle to a stop quickly (as she in fact did), she could not reasonably have foreseen that a till-then invisible child would come from behind the parked vehicle dashing at a run into her path at a time when she could not avoid striking him. See e. g.: Winzer v. Stonewall Insurance Co., La.App. 2 Cir., 175 So.2d 926; Williams v. Charles, La.App. 4 Cir., 171 So.2d 831; Miller v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 169 So.2d 743.
The plaintiff-appellant relies upon decisions such as Guillory v. Lemoine, La.App. 2 Cir., 87 So.2d 798 and Stamps v. Henderson, La.App. 2 Cir., 25 So.2d 305. They concern facts distinguishable from the present. In them, the oncoming motorist should have observed or anticipated the injured child in or near the road and could have avoided the accident by more adequate observation, slackening speed, or sounding the horn. Here, the present oncoming motorist was approaching at a very slow speed with adequate lookout and control, but could not reasonably have anticipated or avoided the accident caused when the child suddenly ran into her path from behind the parked vehicle.
2. Howard Soileau's negligence.
Howard Soileau parked his ice cream truck alongside the curb in a residential area"as close to the curb" as he could get, Tr. 111. While so parked, he sold ice cream to youngsters and others from a vending window in the center of the right (or curb) side of the truck. There were no other vehicles in the area, and he could not observe traffic or children in the street coming to and from his truck. He was not aware of the accident until after it happened. He violated no law or regulation by parking his truck as he did.
Nevertheless, the plaintiff-appellant contends that Soileau was negligent in parking his ice cream truck so as to attract child-purchasers to cross the street, and in failing to take adequate precautions to guide the child-customers so attracted safely back across the street, since Soileau allegedly was required to anticipate the playfulness and impulsiveness of children in crossing the street in a residential area.
Negligence is conduct which creates an unreasonable risk of foreseeable harm to others. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; Fontana v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 173 So.2d 284; Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434; Restatement of Torts Second (1965), Section 284. The risk of foreseeable harm to others is unreasonable so as to be negligence, if the magnitude of the risk created outweighs the utility or social value of the conduct creating it; in this respect consideration is given, inter alia, to the probability or extent of the harm to others threatened by the risk. Restatement of Torts Second (1965), Sections 291-293. "As the extent of the chance of harm increases, the utility required to justify the risk increases proportionately," Comment b., Restatement Section 293. (Italics ours.) See also Prosser on Torts, Section 31 (3d ed., 1964).
In the present case, Soileau's parking the ice cream truck in the residential area undoubtedly created the foreseeable hazard that a careless child might be injured crossing the street. But selling ice cream from mobile trucks in residential areas is a lawful business with social value; it would be virtually impossible to engage in this business if the ice cream peddler could not park or if he were required to watch out for and to guide children across the streets to and from the truck. Since statistically the chances are very small that harm will thereby be occasioned to children old enough to cross the street to buy ice cream, the utility of the conduct of parking the ice cream trucknecessary to carry on the lawful economic activity of selling in the residential areathus outweighs the risk of harm to others created by so doing. Under present social conditions, therefore, such parking does not create an unreasonable risk of harm to others so as by itself to be considered negligent conduct.
*429 Thus, the courts have consistently refused to characterize as negligent the operation of peddling trucks simply because they attract children to cross the street or to subject themselves to normal street hazards, providing that the operation or parking of such trucks does not violate any law or regulation and is not negligent as to the children in any other respect. Molliere v. American Insurance Group., La.App. 1 Cir., 158 So.2d 279, certiorari denied; Bloom v. Good Humor Ice Cream Co., 179 Md. 384, 18 A.2d 592 (1948); Sidders v. Mobile Softee, Inc., Ohio App., 184 N.E.2d 115 (1961); Mead v. Parker, E.D.Tenn., 221 F.Supp. 601 (1963). See also: Coffey v. Oscar Mayer & Co., 252 Wis. 473, 32 N.W.2d 235, 3 A.L.R.2d 753 (1948); Baker-Evans Ice Cream Co. v. Tedesco, 114 Ohio St. 170, 150 N.E. 745, 44 A.L.R. 430 (1926). However, when an attracted child is injured and the risk of the child's injury was foreseeably increased by illegal or unnecessarily hazardous parking, then the operator of the peddling or delivery truck may be held negligent as having created an unreasonable hazard to the children foreseeably attracted and endangered. Landers v. French's Ice Cream Co., 98 Ga.App. 317, 106 S.E.2d 325, 74 A.L.R.2d 1050 (1958); McKay v. Hedger, 139 Cal.App. 266, 34 P.2d 221 (1934). See also Annotation, Child in StreetHucksters, 74 A.L.R.2d 1056.
In the present case, Soileau's parking of his ice cream vending truck was lawful and created no unnecessary hazard. As noted above, the parking did not create an unreasonable hazard to children. The trial court therefore correctly concluded that no negligence on Soileau's part contributed to young Jim Goff's unfortunate accident for which recovery is sought by this suit.
Decree.
For the foregoing reasons, we affirm the trial court's dismissal of the plaintiff Goff's suit against Mrs. Carlino and Soileau and their co-defendants sought to be held liable because of their alleged negligence. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.