**GENERAL PLYWOOD CORPORATION,**
Appellant,

v.

**James R. COLLINS et al., Appellees.**

**No. 7698.**

Court of Civil Appeals of Texas.

Amarillo.

April 3, 1967.

Rehearing Denied May 1, 1967.

Folley, Snodgrass, Calhoun & Kolius, Amarillo, V. G. Kolius, Amarillo, of counsel, for appellant.

James R. Collins, Amarillo, for appellees.

DENTON, Chief Justice.

This is an appeal from a summary judgment for the defendants in a suit filed by General Plywood Corporation for the purpose of opening an alleged public or county road.

There were no affidavits filed in support of the unsworn motion for summary judgment and no depositions appear in the record. No pleadings or affidavits were filed by appellant in opposition to the motion for summary judgment other than a verified amended petition, and an affidavit tendered on the day of the hearing which was not permitted to be filed nor considered by the trial court. The record also contains appellant's attorney's answers to appellees' written interrogatories. Appellant's two points of error contend a genuine issue of a material issue of fact was presented by the instruments on file, and the contention the trial court erred in refusing to allow appellant to file its affidavit in opposition to the motion for summary judgment.

Appellant alleged in both verified amended petitions it owned a certain tract of land in Randall County; that the southeast portion of its land joined land owned by appellees, and that appellant had access to and from its land in a southerly direction by a public road which bordered appellees' property along the entire east side thereof. It was alleged that appellees caused said public road to be closed, boarded up, and fenced off from the public generally; that the road is considered a public road and has been used by the public generally since about 1925; and that Randall County, up until the said road was destroyed by appellees, maintained and kept said road in good repair. Appellant sought injunctive relief to prohibit appellees from closing the road to public use, and to enjoin them from interfering with the future use of said road.

Appellees answered by way of general denial and especially denied the alleged road provides access from appellant's property in a southerly direction; they denied that the road was a county road; and denied the public acquired any right to said road; and that public use of said road was with the permission of appellees and not adversely to them. Appellees propounded certain written interrogatories to appellant. In reply to interrogatories numbers 1 and 2 which asked appellant to state all the facts it was to rely upon to establish the existence of a "county road" and a "public road" appellant's attorney answered: "I think that in the past the road has been used by the public generally." Interrogatories numbers 3 and 4 asked the names and addresses of witnesses appellant intended to call to support the allegations the property in question was being used "by the public generally and indiscriminately and at the public's free will and convenience since about the year 1925" and the same information relative to the allegation "the County of Randall kept such road in a state of good repair and maintained said road so that the public generally could traverse the same at their convenience." To both interrogatories, the appellant's attorney answered: "I know of none at this time". Both parties contend the pleadings and interrogatories support their respective positions. Appellees say the answers admitting the appellants had no witnesses to support the allegations is evidence which demonstrates the absence of a genuine issue of material fact. They further say the answers to interrogatories 1 and 2 are no more than opinions and conclusions which would not be admissible on a trial of the merits. On the other hand, appellant takes the position his answers to interrogatories 1 and 2 are sufficient evidence to create an issue of fact; and the answers to interrogatories 3 and 4, given seventeen days before the filing of its second amended petition and some thirty days prior to the date set for a hearing on its merits, had no legal effect at the time the amended petition was filed and when the summary judgment was subsequently filed and granted.

In passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be reserved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can be properly drawn in his favor.

Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233. In the absence of affidavits and depositions in support of the motion for summary judgment, we look only to the pleadings and the interrogatories and answers thereto to determine the propriety of the summary judgment. Appellant's answers to the interrogatories under Rule 168, Texas Rules of Civil Procedure are not binding on appellees. The rule itself provides these answers may be used only against the party answering the interrogatories. See also Black v. Frank Paxton Lumber Co. (Tex.Civ.App.) 405 S.W.2d 412 (Ref. N.R.E.). Appellant therefore is not in a position to use the interrogatories in support of its contention. However, the burden remains upon the appellees, the movant, to show the absence of fact issues. Appellees contend this burden has been met by appellant's answers to its interrogatories.

A discussion of the distinction between interrogatories under Rule 168 and admissions under Rule 169 is found in Ford Motor Credit Co. v. Draper, 401 S.W.2d 848. There the Court said:

"Present Rule 168 provides for interrogatories to be propounded by one party to other parties in a lawsuit, and authorizes the admission of evidence gathered thereby in the trial of the suit, subject to compliance with the general rules of evidence and the limitation that such admissible evidence 'may be used only against the party answering the interrogatories'. Without attempting to detail the distinction it is apparent on comparison that interrogatories propounded and answers thereto under present Rule 168, which was adopted and became effective in 1962, are not intended to perform the function of, supplant, or have the effect of request and admissions in response thereto authorized by the much earlier Rule 169, which went into effect in 1941. The credit company's replies to the Drapers' interrogatories are not to be treated as admissions made pursuant to Rule 169. The probative effect of the company's replies to interrogatories are to be determined by their character as admissible evidence and not as Rule 169 admissions, though as evidence the replies may embody admissions of fact and have effect as such."

■ Appellees contend, and we think correctly so, appellant's answers to interrogatories 1 and 2, "I think that in the past the road has been used by the public generally" would be inadmissible on a trial as a conclusion. These answers merely constituted conclusions which is not evidence sufficient to raise an issue of fact. Williamson v. Lewis (Tex.Civ.App.) 346 S.W.2d 957 (Error Ref.). Appellees further contend the answers to interrogatories 3 and 4, that appellant knew of no witnesses "at this time" to prove its allegation concerning public use of the land is sufficient in itself to show an absence of a fact issue. We do not agree. These answers were given approximately thirty days prior to the date the case was set for trial, and some twenty-eight days prior to the time the motion for summary judgment was set and granted. Appellant filed its second amended petition after the interrogatories were answered. These answers in themselves would not bar appellant from timely filing affidavits in opposition to a subsequent motion for summary judgment or from offering witnesses in an attempt to prove its alleged cause of action on a trial on the merits. These sworn answers simply recited appellant's attorney knew of no witnesses "at this time" who could testify to certain facts alleged. These answers could not mean, as a matter of law, that appellant knew of no witnesses at the time its second amended motion was filed or at the time the summary judgment was granted. We conclude the answers to interrogatories 3 and 4 do not present sufficient evidence to show an absence of fact issue. Under this construction of the interrogatories and answers, they can not be considered in support of appellees' motion for summary judgment.

The appellees' motion for summary judgment must be considered as a motion directed solely to the pleadings. The motion is challenging the sufficiency of appellant's pleadings to raise issues of fact. It has been textually stated that where such a motion is directed solely to the pleadings, the motion is closely analogous to a spe special exception challenging the sufficiency of the opposition's pleadings as a matter of law. Summary Judgments by Ray W. McDonald, 30 Tex.Law Rev. 285 at page 297. See also Simpson v. City of Abilene (Tex.Civ.App.) 388 S.W.2d 760 (Ref. N.R. E.). Hatten v. Mohr Chevrolet Co. (Tex. Civ.App.) 366 S.W.2d 945. Other writers have compared a motion for summary judgment directed solely to the pleadings to the old general demurrer. Suggs & Stumberg, Summary Judgment Procedure, 22 Tex.Law Rev. 433. In order to uphold appellees' summary judgment, granted solely on the pleadings, it is necessary that we take as true every allegation in appellant's second amended petition. Labbe v. Carr (Tex.Civ.App.) 369 S.W.2d 952 (Ref. N.R.E.). Appellant's sworn amended petition, as paraphrased above, clearly states a cause of action. When the record is viewed in the light of the presumptions and inferences required, appellees have failed to discharge their burden to show the absence of fact issues.

Appellant's remaining point of error goes to the alleged error of the trial court in not permitting appellant to file its opposing affidavit on the day the motion for summary judgment was heard. An opposing affidavit filed on the date of the hearing does not comply with the provisions of Rule 166–A(c). The refusal to permit the filing of such an instrument or to consider it was not error. Medina v. Sherrod (Tex.Civ.App.) 391 S.W.2d 66. These are matters within the discretion of the trial court and no abuse of that discretion is shown.

The judgment of the trial court is reversed and remanded.