Dan GARZA, Appellant,

v.

Gilbert PEREZ, d/b/a Jolly Roger Ice Cream, Appellee.

No. 486.

Court of Civil Appeals of Texas.

Corpus Christi.

July 17, 1969.

**856**

Stone & Dyer, Curtis Dyer, Corpus Christi, for appellant.

Allison, Baker & White, Douglas Tinker, Corpus Christi, for appellee.

OPINION

GREEN, Chief Justice.

Appellant Dan Garza, hereafter referred to as plaintiff, filed this suit against appellee Gilbert Perez d/b/a Jolly Roger Ice Cream, hereafter referred to as defendant, and one Tommie Dies, operator of the dump truck involved in the accident in question. Plaintiff sought to recover damages for the death of his six year old daughter Diana, allegedly caused by negligence of said defendants. Defendant Perez filed a motion for summary judgment as to him which motion was sustained. Thereupon plaintiff took a non-suit as to defendant Dies, and the court rendered a take nothing summary judgment as to Perez. This appeal is from such judgment.

No affidavits, depositions [1] or other supporting documents were filed in

---

1. An instrument purporting to be questions propounded to the defendant Perez by counsel for the parties and answers of said defendant has been presented to this Court. It was not signed by Perez, does not contain a signed certificate of the court reporter purportedly presiding or of anyone else, was not approved by the attorneys, and was not filed in the office of the district clerk (or any where else). The record does not show that it was brought to the trial court's attention. We have given no consideration to this instrument.

the trial court or appear to have been submitted to the trial judge, and the motion for summary judgment was directed solely to the plaintiff's trial pleading (First Amended Original Petition). Such motion challenged the sufficiency of plaintiff's petition to raise genuine issues of material facts which would constitute a cause of action against defendant Perez. For the purposes of the motion, the factual allegations of the petition were admitted, and the defendant in effect said that assuming such allegations to be true, the plaintiff failed as a matter of law to state a cause of action against him. The operation of a motion for summary judgment on the pleadings is closely analogous to a special exception challenging the sufficiency of the opponent's pleadings as a matter of law. Labbe v. Carr, Tex.Civ.App., 369 S.W.2d 952, 954, wr. ref. n. r. e; Hatten v. Mohr Chevrolet Company, Tex.Civ.App., 366 S.W.2d 945, n. w. h.; Simpson v. City of Abilene, Tex.Civ.App., 388 S.W.2d 760, wr. ref. n. r. e.; General Plywood Corporation v. Collins, Tex.Civ.App., 414 S.W.2d 224, n. w. h.; Summary Judgments by Roy W. McDonald, 30 Tex.Law Rev. 285, 297. All doubts as to the existence of a genuine issue of material facts are to be resolved against movant. Gaddis v. Smith, Tex.Sup.Ct., 417 S.W.2d 577, 582. The petition to which the motion is directed is to be construed most liberally in favor of the pleader, and the said petition is entitled to the benefit of every reasonable inference which can be properly drawn in its favor. General Plywood Corporation v. Collins, supra.

The allegations contained in plaintiff's petition on which he relies for his cause of action against Perez are substantially as follows: Defendant Perez, on October 12, 1966, was in the business of operating an ice cream truck along the streets for the purpose of selling items of ice cream to customers, primarily children. The truck was brightly colored, decorated to attract, with bells ringing and lights flashing, being designed to entice children to it. About 5:30 P.M. defendant parked his truck at or near 4206 Shaw Street (city not named)

and "accomplished his purpose of attracting the Plaintiff's daughter out into and across Shaw Street to patronize his attractive nuisance, the ice cream truck." The child was attracted across Shaw Street to the ice cream truck to purchase ice cream for herself and her smaller brother. Upon being advised by defendant that she did not have enough money, she started back across Shaw Street, apparently to secure more money, and in doing so she was struck down and killed by a dump truck. Plaintiff alleged that the death of the child was proximately caused by negligence of defendant Perez in failing (1) to provide warning devices to approaching drivers of motor vehicles; (2) to provide sufficient warning devices to approaching drivers of motor vehicles; (3) to provide any protection for children patronizing his ice cream truck; (4) to provide any protection for children approaching or departing his ice cream truck; (5) to keep a proper lookout for the children of tender years coming to and departing from his ice cream truck. Plaintiff also alleged that defendant operated his ice cream truck in such a manner as to create a dangerous situation to children attracted to it, and that it was an attractive nuisance, and that such operation was a proximate cause of the death.

Plaintiff thereafter alleged the damages sustained by him and his wife as Diana's parents as the result of Diana's death.

Plaintiff's position is expressed in his post-submission brief as follows:

"Appellant's position is that the Appellee operator owed a duty to exercise ordinary reasonable care for the protection of the minor children patronizing his vending truck and specifically to the Appellant's now deceased child. It is Appellant's further position that the Appellee operator created, by the operation of his business, a dangerous condition, namely enticing children of tender years into the street, which condition Appellee knew or should have recognized for its dangerous propensities as a reasonable man surely would have; that he failed to take

or provide any precautions or to exercise reasonable care for the protection of minor children which he knew and/or fully expected to respond to his solicitations; that such failure to exercise ordinary care was negligence and that negligence was the proximate cause of the accident in which the Appellant's minor daughter was killed and the accompanying damages sustained by the Appellant."

Appellee, in his brief, argues that a vender who is parked on a street and who attracts children to his vehicle cannot be held liable for injury to the child when such injury was caused by a third party. He cites the case of Bloom v. Good Humor Ice Cream Co. of Baltimore, 1941, 179 Md. 384, 18 A.2d 592, an action for damages caused when a child was struck by a car while re-crossing the street after making a purchase from an ice cream truck. The Maryland Court denied liability on the part of the ice cream vender, saying that even if it be assumed that he was guilty of negligence, the connection between his negligence and the injury was broken by an intervening cause which he had no reason to anticipate and over which he had no control. See also Baker-Evans Ice Cream Company v. Tedesco, 114 Ohio St. 170, 150 N.E. 745, 44 A.L.R. 430.

A leading out of State authority holding that there is a common law duty on the part of an ice cream vender who purposely entices small children across a city street to purchase his merchandise to use ordinary care for their welfare, and to keep a proper lookout for their safety, is Mackey v. Spradlin, Ct. of App., Ky.1965, 397 S.W. 2d 33. A 7-year old child crossed the street to get an ice cream cone from an ice cream truck under similar circumstances as alleged in our case. As he attempted to recross the street with his ice cream cone, he ran into a dump truck and was killed. The trial court after plaintiff had introduced his evidence instructed a jury verdict for the defendants dump truck driver and ice cream vender. The Court of Appeals of Kentucky, with one justice dissenting,

held that the trial court erred in taking the case from the jury. Concerning the existence of a duty on the part of the ice cream vender to use reasonable care for the safety of his young customers and the holding on proximate cause, we approve and adopt the following language of Kentucky's highest appellate court:

"Whether the operators of the ice cream dispensary violated any duty of care toward the child presents a novel question in this jurisdiction. For a discussion of decisions from other states in kindred situations see annotation, 'Liability of vendor or huckster attracting children to street to child injured by another automobile,' 74 A.L.R.2d 1056, and cases therein cited. See also Sidders v. Mobile Softee, Inc., Ohio App., 184 N.E.2d 115 (1961); Baker-Evans Ice Cream Co. v. Tedesco, 114 Ohio 170, 150 N.E. 745, 44 A.L.R. 430 (1926); Maloney v. Howard Johnson Inc., 5 A.D.2d 1015, 174 N.Y.S. 2d 257 (1958); Borden v. Daniel, 48 Tenn.App. 314, 346 S.W.2d 283 (1960), Mead v. Parker, 221 F.Supp. 601 (E.D. Tenn.1963), and Vought v. Jones, 205 Va. 719, 139 S.E.2d 810 (1965); all of which can reasonably be compared in some respects and distinguished in others.

"Much argument has been devoted to the question of whether the ice cream wagon was stopped in violation of KRS 189.450 and, if so, whether such violation was a proximate cause of the accident. We find it immaterial,[1] because in either

1. The position of the parked vehicle undoubtedly was a proximate causal factor in the accident, but the fact that it was there in violation of the law would have significance only if the accident in question were held to be within the scope of what the statute was intended to prevent. Cf. footnote 7 to Cottrell's Bakery v. Martin A. Ceder Co., Inc., Ky., 376 S.W.2d 536, 538 (1964).

event it is our conclusion that as a matter of law the operators of this vehicle failed to exercise reasonable care to prevent the accident.

" 'When an act is negligent if done without reasonable care, the care which the actor is required to exercise to avoid being negligent * * * is that which he, as a reasonable man, should recognize as necessary to prevent the act from creating an unreasonable risk of harm to another.' Restatement of Torts, Negligence, § 298.

" 'A negligent act may be one which: * * * (b) creates a situation which involves an unreasonable risk to another because of the expectable action of the other, a third person, or a force of nature.' Id., § 302.

" 'An act is negligent if the actor intends it to affect, or realizes or should realize that it is likely to affect, the conduct of another, a third person or an animal in such a manner as to create an unreasonable risk of harm to the other.' Id., § 303.

"This is not, of course, an 'attractive nuisance' case. Nevertheless, it is invested with much the same policy considerations the attractive nuisance theory was designed to recognize and satisfy. Those same basic considerations are embodied in the above quoted sections of the Restatement of Torts.[2] The differences

2. Compare Restatement of Torts, Negligence, § 339.

are superficial. If one who maintains a dangerous condition on his own premises can be held liable to a child trespasser, why should not one who knowingly creates a dangerous condition elsewhere be likewise responsible to a child he realizes is likely to become involved in it? Indeed, it seems to us that in the latter instance the creator of the hazard is in a less defensible posture than the owner of premises on which a trespass must be committed before injury can occur. In this particular type of situation the danger is enhanced by the sense of haste that is purposely aroused in the children of a neighborhood by the tinkling of bells and flashing of lights heralding the imminent arrival of an attraction that will stay but a moment and be gone unless they come at once. The responsibility of one who knowingly provokes into action the natural recklessness of irresponsible children ought surely be proportionate to the degree of danger he thereby creates.

"Common sense and the most minimal regard for humanity suggest that one who intentionally attracts small children to a place in or so close to a street or highway that there is danger of their being struck by passing traffic should be under a duty to maintain a lookout for such traffic and, if he observes or in the exercise of ordinary care should observe a vehicle approaching close enough to constitute an immediate hazard, to warn the children present in the immediate area of the attraction or make such other reasonable effort to prevent their being injured as may be necessary in the circumstances. This in our opinion is what a reasonably prudent person would do, and it is because the ice cream vendors admit they did not keep any lookout whatever that we say they were negligent as a matter of law.

"*The negligence of Mullins in operating the dump truck (if it be found that he was negligent) was not an independent act superseding the negligence of the ice cream vendors, because it was within the realm of reasonable foreseeability*[2] Restatement of Torts, Negligence, § 447; Hines v. Westerfield, Ky., 254 S.W.2d 728 (1953); Roberts v. Taylor, Ky., 339 S.W.2d 653, 658 (1960); Mackey v. Allen, Ky., 396 S.W.2d 55 (decided May 7, 1965). The gist of their negligence is that they should have realized the danger of just such an accident, with or without some degree of negligence on the part of the passing motorist."

The Court then distinguishes this case from its earlier decision in Winders' Adm'r v.

2. Emphasis added.

Henry Bickel Co., 248 Ky. 4, 57 S.W.2d 1009, on the proximate cause issue, and thereafter continues as follows:

"As we have already pointed out, to break the chain of proximate causal connection an intervening action must be one that is not reasonably foreseeable by the antecedently negligent actor who is thereby relieved of responsibility. Whatever reservations we may have with respect to the soundness of Winders' Adm'r v. Henry Bickel Co., supra, certainly it is distinguishable in degree. Perhaps Bickel should have foreseen that children might cross the street and get run over in the process of going around his obstruction, but at least he did not solicit them. In this case the children were, in substance, consciously and directly invited into an area of danger, and it does not seem unreasonable to expect of the inviters a proportionately higher degree of foresight."

■ As our case involves only the sufficiency of plaintiff's pleadings to raise issues of material facts, we, of course, do not find negligence as a matter of law, as was found in *Mackey* based on evidence. We do find and hold that the allegations of plaintiff's petition and all reasonable conclusions and deductions to be drawn therefrom do raise genuine issues of material facts concerning liability of the defendant as to negligence and proximate cause on which issues plaintiff was entitled to a trial before a jury.

The case of Thomas v. Goodies Ice Cream Co., 1968, 13 Ohio App.2d 67, 233 N.E.2d 876 involved an injury to a 5 year old child caused by being struck by a passing car while patronizing defendant ice cream vender. The court stated that the defendant ice cream vender's position was essentially that the conduct of the driver of the other vehicle was an intervening, unforeseen cause, and that the defendant owed no duty to a child customer with respect to the hazard of passing vehicular traffic. The appellate court, in passing upon these contentions, said:

"We hold only that defendants did owe a duty to this five-year-old plaintiff of reasonable care to warn and protect him from the hazard of moving traffic, and that an allegation that defendants failed to warn and protect is sufficient as against demurrer."

\*　　\*　　\*　　\*　　\*　　\*

"There, of course, may be more than one proximate cause of an injury."

\*　　\*　　\*　　\*　　\*　　\*

"In the opinion of this court, the hazard is clearly foreseeable so as to create a duty of reasonable care to protect against it. Whether the particular conduct of the driver of the other vehicle was unforeseeable, and defendants' conduct accordingly could be found not to be a proximate cause, depends upon the circumstances. Here the petition simply alleges that plaintiff was struck by another car. As noted earlier as to the pleading of no warning or protection the allegation may be subject to a motion to make definite. However, the intervening act does not, as a matter of law, negate the existence of proximate cause. Considering the allegation on demurrer, we think it a sufficient pleading."

■ We approve and adopt the above quotations from the Ohio Court of Appeals.

For other authorities in line with *Mackey* and *Thomas,* supra, see Vought v. Jones, 1965, 205 Va. 719, 139 S.E. 810; Schwartz v. Helms Bakery Limited, 1967, 67 Cal.2d 232, 430 P.2d 68; Jacobs v. Draper, 1966, 274 Minn. 110, 142 N.W.2d 628; Landers v. French's Ice Cream Co., 1958, 98 Ga.App., 317, 106 S.E.2d 325, 74 A.L.R.2d 1050 (liability based on city ordinance, but holding on proximate cause applicable here).

For discussion of some cases holding contra, see note in 74 A.L.R.2d 1056 following opinion in *Landers.* Also see Goff v. Carlino, Ct.App.La., 1965, 181 So.2d 426 and authorities cited; Bloom v. Good Humor Ice Cream Co. of Baltimore, supra, and authorities cited in dissenting opinion in

Mackey v. Spradlin, supra. In so far as these cases may be contrary to the holdings in *Mackey, Thomas* and *Schwartz,* supra, we do not feel disposed to follow them.

The child Diana was a business invitee of defendant vender. The chance that she would run across the street was foreseeable, in fact imminent. The chance that a motorist might for some reason run over the child was not unforeseeable under the factual allegations and the reasonable deductions to be drawn therefrom. It is a well recognized axiom in law that greater caution needs to be used as to the safety of a young child than as to an adult. Neither the trial court nor this appellate court may rely on private judgment upon a situation such as this, in which reasonable minds may differ.

The trial court erred in granting the summary judgment.

Reversed and remanded.